Argued 2 April; decided 4 May, 1901.

### STATE v. KNIGHTEN.

[64 Pac. 866.]

INDICTMENT FOR RAPE—AGE OF DEFENDANT.

1. It is not necessary to allege the age of the defendant in an indictment under a statute like Section 1733, Hill's Ann. Laws, as amended by Laws, 1895, p. 67, which provides that if any person over a stated age shall carnally know any female child under a certain age, he shall be deemed guilty of rape. The allegation that defendant committed the offense is a sufficient statement of his capacity for so doing.

RAPE—NECESSITY FOR CORROBORATING EVIDENCE.

2. In cases of statutory rape a conviction may be had on the uncorroborated testimony of the prosecutrix, as she is not an accomplice.

From Josephine : HIERO K. HANNA, Judge.

Alpha Knighten was convicted of rape and endeavored to avoid the results thereof by appealing.     AFFIRMED.

For appellant there was a brief over the names of *Robert G. Smith* and *H. D. Norton*, with an oral argument by *Mr. Smith*.

For the state there was a brief over the names of *D. R. N. Blackburn*, Attorney-General, and *A. Evan Reames*, District Attorney, with an oral argument by *Mr. Blackburn*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. The defendant was convicted of the crime of rape by carnally knowing a female child under the age of sixteen years. Objection was made to the introduction of any testimony for the state on the ground that the indictment does not state a crime, because it does not allege that defendant was over the age of sixteen years when it was alleged to have been committed. The statute (Laws, 1895, p. 67,) provides that, "if any person over the age of sixteen years shall carnally know any female child under the age of sixteen years," etc., he shall be deemed guilty of rape. It is argued that under this statute the age of the defendant is an essential ingredient of the crime, and must be averred in the indictment. But, as we understand the statute, its only effect is to raise the age of capacity of the male from fourteen, as it was at common law, to sixteen years. At common law, a boy under fourteen years of age was conclusively presumed to be physically incapable of committing the crime of rape, but it was never held that it was necessary to allege the age of the defendant in an indictment for that crime : 16 Am. & Eng. Ency. Law (1 ed.), 315 ; *Commonwealth* v. *Scannel*, 11 Cush. 547 ; *Sutton* v. *People*, 145 Ill. 279 (34 N. E. 420); *State* v. *Ward*, 35 Minn. 182 (28 N. W. 192). Nor is it necessary under the statute. If the defendant was below the requisite age, it is a matter of defense. Mr. Bishop says the age of the defendant need not be set out, "though the statutory words are 'any person of the age of fourteen years and upward, who shall have carnal knowledge.' If he is below fourteen, it is simply matter for defense": Bishop, Stat. Crimes (2 ed.), § 482. The statute of Cali-

fornia provided that "any person of the age of fourteen years and upward, who shall have carnal knowledge of any female child under the age of ten years, either with or without her consent, shall be adjudged guilty of the crime of rape"; and in *People* v. *Ah Yek*, 29 Cal. 575, it was held that an indictment silent as to the age of the defendant was good. Mr. Justice SAWYER, speaking for the court, said : "It does not appear upon the face of the indictment that defendant was under fourteen years of age, and we see no better reason for averring that he is over fourteen than in any other criminal case for averring that the party charged is of such an age as to render him capable in law of committing the crime. His capacity to commit the crime is as much an element in the crime in one case as in the other." See, also, *People* v. *Wessel*, 98 Cal. 352 (33 Pac. 216). The statute of Vermont also made it an offense punishable the same as rape for a person over the age of sixteen years to carnally know a female person under the age of fourteen years, with or without her consent; and in *State* v. *Sullivan*, 68 Vt. 540 (35 Atl. 479), it was held that it was not necessary to allege in the indictment the age of the defendant, but that, if he was under sixteen years of age, it was a mere matter of defense. We are of the opinion, therefore, that the indictment is sufficient.

2. It is also contended that there is no evidence corroborating the testimony of the prosecutrix; but in a case of this character the uncorroborated testimony of the prosecutrix is sufficient to sustain a conviction, because she is in no sense an accomplice : 2 Roscoe, Cr. Ev. (8 ed.) 1122 ; *Boddie* v. *State*, 52 Ala. 395 ; *People* v. *Mayes*, 66 Cal. 597 (56 Am. Rep. 126, 6 Pac. 691). It follows that the judgment of the court below must be affirmed, and it is so ordered.     AFFIRMED.