Argued February 16, decided March 3, 1914.

## STATE v. McPHERSON.

(138 Pac. 1076.)

**Rape—Criminal Prosecution—Sufficiency of Evidence.**

1. Positive testimony of the prosecutrix to an assault with intent to commit rape is sufficient, though uncorroborated, to convict.

[As to necessity and sufficiency of corroboration of prosecutrix in prosecution for rape, see note in Ann. Cas. 1913D, 660.]

**Criminal Law—Appeal—Questions of Fact—Constitutional Provision.**

2. Under Article VII, Section 3, of the Constitution, as amended in 1910 (Laws 1911, p. 7), providing that no fact tried by a jury shall be otherwise re-examined unless the court can affirmatively say there is no evidence to support the verdict, the Supreme Court is precluded from considering the weight of evidence when it is contradictory, and the verdict in such cases is conclusive.

From Crook: WILLIAM L. BRADSHAW, Judge.

The defendant, Logan McPherson, was indicted, tried and convicted of the crime of assault with intent to commit rape, and alleging that the evidence was insufficient to convict, he appeals.    AFFIRMED.

For appellant there was a brief over the names of *Mr. Enoch B. Dufur* and *Mr. W. P. Myers,* with an oral argument by *Mr. Dufur.*

For the State there was a brief over the names of *Mr. Wells A. Bell,* District Attorney, and *Mr. W. H. Wirtz,* Deputy District Attorney, with an oral argument by *Mr. Wirtz.*

Department 2.    Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The prosecutrix testified positively to the assault, and such testimony, even though uncorroborated, is sufficient to convict: *State* v. *Knighten,* 39 Or. 63 (64 Pac. 866, 87 Am. St. Rep. 647). In addition to this there is some slight corroboration.

2. Taking into consideration the amorous letters written by the prosecutrix to the defendant and the

vague and contradictory statements made by her and their evident falsity in some particulars, the writer of this opinion entertains grave doubt as to the guilt of the defendant; but Article VII, Section 3, of the Constitution, as amended in 1910, provides: "No fact tried by a jury shall be otherwise re-examined in any court * * unless the court can affirmatively say there is no evidence to support the verdict." This has been repeatedly construed by this court to preclude us from considering the weight of evidence where it is contradictory. In such cases the verdict of the jury is conclusive: *State* v. *Hardin,* 63 Or. 305 (127 Pac. 789); *State* v. *Hill,* 63 Or. 451 (128 Pac. 444); *State* v. *Russell,* 64 Or. 247 (129 Pac. 1051).

We are therefore compelled to affirm the judgment in this case.    AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.