Argued February 16, decided March 3, 1914.

## STATE *v.* CAROTHERS.

### (138 Pac. 1077.)

**Criminal Law—Perjury—Appeal—Questions of Fact—Constitutional Provision.**

1. Where defendant, accused of perjury, was shown to have played poker in a certain building and to have testified before the grand jury that he had not seen such game played, the alleged fact that he was hard of hearing and did not fully understand the questions put to him when before the grand jury is for the jury on his trial, and its finding will not be disturbed on appeal, in view of Constitution, Article VII, Section 3, as amended (see Laws 1911, p. 7), providing that no fact tried by jury shall be otherwise re-examined unless the court can say there is no evidence to suport the verdict.

[As to what constitutes perjury, see note in 85 Am. Dec. 485.]

**Perjury—Elements—Materiality of False Testimony.**

2. Testimony before a grand jury that the witness had not seen poker played for money in a certain building was material as affecting his responsibility for perjury, whether an indictment was found or not, and whether the party whose conduct was under investigation was guilty or not.

Criminal Law—Evidence—Parol Evidence Affecting Writings.
  3.   The statute does not require the clerk of the grand jury to make
a record of all the evidence produced, and such a record, if made, is
not original evidence, and there is no error, in a subsequent trial for
perjury before the grand jury, in permitting the clerk and other mem-
bers to testify from recollection as to what defendant testified before
the grand jury.

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 2.   Statement by MR. CHIEF JUSTICE
McBRIDE.

The defendant, C. W. Carothers, was convicted of
the crime of perjury, and appeals.   The indictment
charges, in substance, that the defendant, being duly
sworn before the grand jury upon an investigation
then being had as to one Clarence Miller, at any time
within two years before June 20, 1913, had suffered
and permitted the game commonly called poker to be
played and carried on for money or checks and chips
as representatives of value in a building in his posses-
sion, had falsely testified that he knew nothing of the
playing of such games, and had never seen any such
game played in said building at any time.

AFFIRMED.

For appellant there was a brief over the name of
*Messrs. Brownell & Stone,* with an oral argument by
*Mr. W. M. Stone.*

For the State there was a brief and an oral argu-
ment by *Mr. Gilbert L. Hedges,* District Attorney.

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The evidence of more than one witness tends to
show that the defendant, within the dates concerning
which he was interrogated, played poker for money
in Miller's building, and the evidence of members of
the grand jury tended to show that he testified before
the grand jury that he had not seen such a game
played for money during such period.   The fact, if

it be a fact as he alleges, that he was hard of hearing, and did not fully understand the questions put to him when before the grand jury, would tend to explain away the charge of making a willfully false statement before that body; but this was a question of fact to be decided by the jury, and, where there is any competent evidence tending to prove the offense, we are prohibited by Article VII, Section 3, of the Constitution, as amended (Laws 1911, p. 7), from disturbing the verdict: *State* v. *McPherson, ante,* p. 381 (138 Pac. 1076), and cases there cited.

2, 3. The testimony was material. It is the duty of the grand jury to inquire into all offenses committed within the county, and in order to determine whether or not an offense has been committed, it is their duty to examine witnesses. Testimony taken for that purpose is material, irrespective of whether or not an indictment is found, and even as to whether the party whose conduct they are investigating is innocent or guilty. The statute does not require the clerk of the grand jury to make a record of all the evidence produced, or of any of the evidence; and, if such evidence is reduced to writing, such writing is only a memorandum from which the clerk may refresh his memory. It is not original evidence. The court therefore did not err in permitting the clerk and other members of the grand jury to testify from independent recollection as to what the defendant actually testified before the grand jury. While such evidence should be received with caution as the divergence in recollection between different members of the grand jury in the case at bar forcibly emphasizes, this goes only to its weight and not to its admissibility.

The judgment is affirmed.      AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.