Argued February 25, affirmed March 23, 1926.

## STATE *v.* T. E. EDY.

(244 Pac. 538.)

**Rape—Indictment for Assault With Intent to Rape Girl Under Sixteen Years Need not Allege Age of Defendant (Page 1347, Form 7, and Section 1912, Or. L.).**

1. Under page 1347, Form 7, Or. L., indictment for assault with intent to rape girl under sixteen years need not allege age of defendant, notwithstanding Section 1912.

**Rape.**

2. Under page 1347, Form 7, Or. L., indictment for assault with intent to rape need not allege prosecutrix was not the wife of defendant.

**Indictment and Information.**

3. Indictment charging assault on female with intent to carnally know her *held* not to charge two crimes.

**Witnesses—Permitting Leading Questions in Examination of Prosecutrix Held not Abuse of Discretion (§ 858, Or. L.).**

4. In prosecution for assault with intent to rape, overruling objection to testimony of prosecutrix in answer to leading questions held not abuse of discretion, in view of Section 858, Or. L.

**Criminal Law—Motion to Strike Testimony, Given Without Objection, as Voluntary, Unresponsive and not Part of Res Gestae, was Properly Refused.**

5. In prosecution for assault with intent to rape, motion to strike all testimony, given without objection by aunt of prosecutrix, as being voluntary, and not responsive, and not a part of *res gestae,* was properly refused.

---

1. See 22 R. C. L. 1199.
2. See 22 R. C. L. 1198.
4. See 28 R. C. L. 591.

Rape.

6. Conviction in case of rape can be had without corroboration of testimony given by prosecutrix.

Rape—Sufficiency of Testimony to Take Case to Jury will be Gauged According to Evidence at Close of Cause, Where One Accused of Assault With Intent to Rape Took Witness-stand.

7. Where defendant, in prosecution for assault with intent to rape, took witness-stand, sufficiency of testimony to take case to jury will be gauged according to evidence at close of cause.

Rape—Testimony Relative to Defendant Inducing Prosecutrix to Enter Room, and Soliciting Her to Remove Clothing, Held Relevant, in Prosecution for Assault With Intent to Rape, as Establishing Intent.

8. In prosecution for assault with intent to rape, testimony relative to defendant inducing prosecutrix to enter room, showing his private person, and soliciting her to remove her clothing, was relevant for purpose of establishing intent.

Rape.

9. In prosecution for assault with intent to rape, motion for directed verdict because of insufficient testimony *held* properly refused.

Criminal Law.

10. Requested instructions covered by court's instructions are properly refused.

Rape—Instruction Defining Force as Prerequisite to Offense of Assault With Intent to Rape Girl Under Sixteen Years Held Properly Refused.

11. In prosecution for assault with intent to rape girl under sixteen years, requested instruction, setting out element of force as prerequisite to commission of offense, *held* properly refused.

Rape—Sentence of Twenty Years for Assault With Intent to Rape Girl Under Sixteen Years Held Within Limit of Law and Power of Court.

12. Prison sentence of twenty years for assault with intent to rape girl under sixteen years *held* within limits of law and not beyond power of court.

---

Criminal Law, 16 C. J., p. 882, n. 92, 97, p. 1063, n. 85, p. 1066, n. 89, p. 1362, n. 12; 17 C. J., p. 245, n. 70.

Indictments and Informations, 31 C. J., p. 708, n. 29.

Rape, 33 Cyc., p. 1434, n. 51, p. 1439, n. 87, p. 1440, n. 96, p. 1441, n. 5, p. 1463, n. 63, p. 1496, n. 82, 84, p. 1501, n. 11, p. 1508, n. 37, p. 1520, n. 14, 17.

Witnesses, 40 Cyc., p. 2427, n. 27, 30.

From Jackson: C. M. THOMAS, Judge.

Department 2.

On June 9, 1925, the defendant was indicted by the grand jury of Jackson County, Oregon, for the crime of assault with intent to commit rape upon the person of Grace Gilman, a child of the age of ten years. From a judgment of conviction, he appeals to this court. The charging part of the indictment reads:

"That the said T. E. Edy, on the 20th day of May, A. D. 1925, in the county of Jackson, state of Oregon, then and there being, did then and there unlawfully and feloniously assault one Grace Gilman, a female child under the age of 16 years, with intent then and there to have sexual intercourse with and carnally know her * * "

AFFIRMED.

For appellant there was a brief over the names of *Mr. W. R. Gaylord* and *Mr. N. W. Borden,* with an oral argument by *Mr. Gaylord.*

For respondent there was a brief and oral argument by *Mr. Newton C. Chaney.*

BROWN, J.—1. The defendant demurred to the indictment on the ground that the facts stated therein failed to constitute a crime. The court overruled the demurrer and the defendant assigns error of the court in such ruling. He argues that the indictment should have stated the age of the defendant, and in support of his contention cites Section 1912, Or. L.

In some jurisdictions, where the age of the male is fixed by statute which designates as rape all carnal knowledge of the body of a female under a certain age, it is held necessary to allege and prove the age of the defendant: *Wistrand* v. *People,* 213 Ill. 72 (72 N. E. 748). But, in other jurisdictions, including our

own, such an allegation is held to be unnecessary: Or. L., p. 1347, Form 7; *State* v. *Knighten,* 39 Or. 63 (64 Pac. 866, 87 Am. St. Rep. 647); *State* v. *Sullivan,* 68 Vt. 540 (35 Atl. 479).

2. It is contended that the indictment is insufficient, in that it fails to negative that the prosecutrix is the wife of the defendant. He supports this contention by quoting from 2 Wharton's Criminal Procedure (10 ed.), Section 1159, but omits that part of the section which holds an indictment to be sufficient when drawn in the language of the statute under which the prosecution is brought, or substantially in the language thereof. In that section Mr. Wharton does say that "an indictment or information charging an assault with intent to commit rape must * * allege that such female was not the wife of the accused." This statement, however, is based upon the case of *Young* v. *Territory,* 8 Okl. 525 (58 Pac. 724), which sets out the definition of "rape" as laid down by the laws of the State of Oklahoma, in language following:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances * * "

But, in our statute, the word "wife" is not used in the definition of the term "rape"; and for that reason it is unnecessary to allege that the victim of the averred offense was not the wife of the defendant: 1 Wharton's Criminal Law (11 ed.), § 741, and cases cited in the note. See, also, 22 R. C. L., § 32, "Rape"; 17 Ency. of Pl. & Pr. 651; 33 Cyc. 1439, 1440. Again, see our own Code, Form 7, p. 1347, Or. L.

3. The defendant also challenges the sufficiency of the indictment because, he alleges, it charges two

117 Or.—28

crimes. There is no merit in the demurrer to the indictment upon this ground.

4. It is next contended that the court erred in its ruling upon an objection to the following testimony given by the prosecutrix:

"Q. Did you go across to the woodshed and speak to him, or not?

"A. Yes, sir.

"Q. What did he say to you, or what did you say to him?"

The trial court instructed the district attorney to ask as few leading questions as possible in conducting his examination, and the discretion vested in the court was not abused in ruling upon this question: Section 858, Or. L.

It is claimed that the court erred in overruling the objections of defendant's counsel to questions propounded to the various witnesses by the prosecution, as set out in the following exceptions:

5. Exception No. 2 relates to the little girl's testimony wherein she states that the defendant enticed her to enter a dark room, and wherein she told of his flagrant conduct that followed. Exception No. 3 relates to the testimony of Mrs. Susie Coy, an aunt of the prosecutrix. This witness testified at length on direct and cross-examination without objection; but, at the conclusion of her testimony on cross-examination, the defendant "moved that all of this testimony that the witness has stated be stricken out because it is purely voluntary and not responsive to the question and not a part of the *res gestae,* and it is simply voluntary on the part of the witness." The court committed no error in denying that motion.

The next exception relates to the refusal of the court to direct a verdict in favor of the defendant. At the conclusion of the state's case, the defendant addressed the court thus:

"May it please the Court, at this time the defense desires to move for a directed verdict on the ground and for the reason that the state has failed to produce sufficient testimony which would warrant this case to go to the jury. As the court will remember, the testimony in chief was the testimony of the little girl, which is absolutely uncorroborated with the exception of the aunt and a brother, which they admitted was purely hearsay."

6-9. There is no law in this state requiring the corroboration of the testimony of the prosecutrix before a conviction can be had in a case of rape: *State* v. *Knighten, supra; State* v. *McPherson,* 69 Or. 381 (138 Pac. 1076). Grace Gilman could not have been an accomplice of defendant. However, the sufficiency of the testimony to take the cause to the jury is the only question of import presented here. The girl who is alleged to be the victim appears from the undisputed evidence to have been an intelligent, moral child of the youthful age of ten years. The vital inquiry relates to the intent that was in the defendant's mind when he assaulted the child, if he did in fact assault her. The defendant having taken the witness-stand, the sufficiency of the testimony will be gauged according to the evidence of record at the conclusion of the cause. The jury may well have thought that the defendant denied too much. He likewise asserted that the case was "framed" against him, but adduced no evidence to support his accusation. He is a man thirty or forty years of age, a bachelor, residing at Medford, Jackson County, Oregon. He owned a building at Gold Hill in the same

county.. While at work about his building, the little
girl was playing in the immediate vicinity thereof.
He repaired some of the child's playthings and then
coaxed her to enter a room. While there he placed
his hands upon her body. Following that act, he un-
buttoned his pantaloons and exhibited his private
·person to the child and solicited her to remove her
clothing. This testimony relating to defendant's acts
is relevant for the purpose of establishing the intent
that was in his mind when he placed his hands upon
the child. Why did the defendant persuade the little
girl to enter an unoccupied, darkened room in his
house? Why did he place his hands upon her body
under these conditions? What motive impelled him
to display his private person to her? What object
led him to request that girl child to remove her cloth-
ing? All these various acts of the defendant, con-
sidered together as bearing upon his intent in com-
mitting the alleged assault, present proper matter for
the jury. If the jury believed beyond a reasonable
doubt, from the whole of the evidence adduced upon
the trial, that the defendant placed his hands upon
that ten year old girl with the felonious intent of
knowing her carnally, the charge contained in the in-
dictment was made out. Hence the court made no
mistake in overruling the motion for a directed ver-
dict.

Exception No. 6 arises out of the court's denial of
defendant's motion to strike from the record a num-
ber of questions and answers that were admitted
without objection. We believe that these questions
and answers were proper.

10, 11. The defendant alleges error because the
court failed and refused to give certain instructions
requested by the defendant.

Defendant's requested instructions Nos. 1 and 2 were covered by the court's instructions. Instruction No. 3 does not present a correct statement of the law. That requested instruction reads:

"I further instruct you that, unless you are satisfied beyond a reasonable doubt that defendant intended to have sexual intercourse with the prosecutrix, and intended to use force sufficient to overcome all resistance on her part, you should not convict him of assault with intent to commit rape."

The element of force is not a prerequisite to the commission of the offense with which the defendant is charged. Grace Gilman was incapable of consent to sexual intercourse. Even had she so desired, the law does not permit a child of the tender years of Grace to consent to her own ruin. The statute in its wisdom resists any and all unlawful advances.

Instruction No. 4 was covered by the court. As disclosed by the transcript, No. 5 was incomplete. No. 9, like No. 3, embodies the element of force, and is an erroneous conception of the law.

The instructions not here discussed are free from error.

12. The defendant contends that the sentence of twenty years is too severe. The crime of assault with intent to ravish is a grave one, and the law strikes at the individual who commits this crime not only for the commission of the overt act, but for the more grievous wrong which the jury found he premeditated and contemplated committing. If the defendant is guilty of the crime with which he was charged and of which he was convicted, he is a lecherous and a treacherous character, constituting a menace to society. True, the court pronounced a severe penalty in this case. It imposed a prison term that takes

from the defendant a great portion of his life. But that penalty is within the limits of the law, and we cannot hold the sentence to be beyond the power of the court: *Sustar* v. *County Court for Marion County,* 101 Or. 657 (201 Pac. 445).

Finding no reversible error, this case is affirmed.

AFFIRMED.

McBride, C. J., and Bean and Belt, JJ., concur.