Argued October 23, 1930; affirmed March 24, 1931

## STATE *v.* RALPH
(296 P. 1065)

*John A. Jeffrey*, of Portland, for appellant.

*Fred A. Miller*, of Oregon City, for the State.

BEAN, C. J. The defendant was indicted, tried and convicted of the crime of rape. From a judgment and sentence defendant appeals. The charging part of the indictment is as follows:

"The said Charlie Ralph on the 25th day of May, A. D. 1930, in the said county of Clackamas and state

of Oregon, then and there being, and one Vivian Ralph, then and there being the daughter of the said Charlie Ralph, and then and there being a female child under the age of sixteen years, the said Charlie Ralph, did then and there unlawfully and feloniously carnally know the said Vivian Ralph, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Oregon.''

Defendant challenges the sufficiency of the indictment. As we understand the argument it is claimed that the indictment is insufficient under section 14-220, Oregon Code 1930, for the reason that the age of defendant is not alleged. The indictment was not contested by a demurrer or motion. As far as it appears, no objection was made to the introduction of evidence on account of a defect in the indictment.

Section 14-220 provides as follows:

''If any person over the age of sixteen years shall carnally know any female child under the age of sixteen years, or any person shall forcibly ravish any female, such person shall be deemed guilty of rape, and upon conviction thereof shall be punished by imprisonment in the penitentiary for not less than three nor more than twenty years.''

■ It is settled in this state that, under the latter section, it is not necessary to allege in the indictment the age of defendant in charging a statutory rape on a female child under the age of sixteen years: *State v. Knighten,* 39 Or. 63 (64 P. 866, 87 Am. St. Rep. 647); *State v. Eddy,* 117 Or. 430 (244 P. 538).

■■ It does not appear upon the face of the indictment that the defendant was under the age of sixteen years; in fact the circumstances shown indicate plainly that he was over that age, although there is no direct allegation to that effect. If the defendant was under the

age of sixteen years it was a matter of defense for him to make. It was not essential that it be averred in the charge that the defendant forcibly ravished the prosecutrix, as she was under the age of consent. The indictment is sufficient under section 14-220, Oregon Code 1930.

■ The fact that the offense alleged partakes of the nature of the crime referred to in section 14-221, as it alleges rape upon the defendant's daughter, does not weaken the allegations in regard to the offense defined in section 14-220. The penalty imposed was not in excess of that provided for in section 14-220. It does not render the proceedings less effective for the reason that the crime partakes of the nature of incest, especially where it does not appear that timely objections were made, as in the absence of any objection there would be a waiver: *State v. Jarvis,* 20 Or. 437 (26 P. 302, 23 Am. St. Rep. 141).

The testimony in the case was not brought to this court. It appears from the statement in the brief of the district attorney that defendant is a man of about forty-three years of age, a logger by occupation, and his wife and children, four girls and two boys, ranging from two to fourteen years of age, were living with the wife's mother, a short distance from the sawmill where defendant had been employed. They were making preparations to move into a new incompleted house nearer the sawmill. On this particular occasion the oldest boy Arthur, aged fourteen, and Vivian, defendant's daughter, aged eleven years, went to the new house near the mill to build a fire, sweep the floors and put it in shape so they could move into it. There were no doors between the rooms. Arthur was in the kitchen building the fire in the stove; Vivian was in the middle room

sweeping the floor when defendant came in, grabbed hold of her, carried her into the bedroom, laid her on an automobile cushion which he had placed on a bench, and committed the act charged in the presence and plain view of Arthur, his son.

We have not the benefit of a brief on the part of defendant. An oral argument was made in the case. A careful examination of the record before us discloses no error in the trial of the case.

The judgment of the court is affirmed.

BROWN and BELT, JJ., concur.