Argued June 10; affirmed June 16, 1931.

STATE *v.* NESMITH

(300 P. 356)

*Denton G. Burdick* and *P. J. Gallagher,* both of Portland, for appellant.

*William E. Walsh,* District Attorney, of Marshfield (J. B. Bedingfield, of Marshfield, on the brief), for the State.

594

BROWN, J. The defendant asserts that the indictment does not state facts sufficient to constitute a crime.

 It is a general rule that an indictment is sufficient when it alleges acts constituting the crime charged in the words of the statute defining it. This is essentially true when the statute contains all the elements of the

offense: *State v. Bailey,* 115 Or. 428 (236 P. 1053).
Under Oregon Code 1930, § 13-714, an indictment is
sufficient when it can be understood therefrom—

"1. That it is entitled in a court having authority
to receive it * * *;

"2. That it was found by a grand jury of the
county in which the court was held;

"3. That the defendant is named * * *;

"4. That the crime was committed within the juris-
diction of the court;

"5. That the crime was committed at some time
prior to the finding of the indictment, and within the
time limited by law for the commencement of an action
therefor;

"6. That the act or omission charged as the crime
is clearly and distinctly set forth * * *;

"7. That the act or omission charged as the crime
is stated with such a degree of certainty as to enable
the court to pronounce judgment, upon a conviction,
according to the right of the case."

It is manifest that, when an indictment complies
with the foregoing provisions of our Code, the consti-
tutional guaranty of the defendant "to demand the
nature and cause of the accusation against him" has
been fully met.

■ To the first objection, that the indictment does not
state the age of the defendant, we answer: For the last
thirty years it has been a rule of pleading in this state
that it is unnecessary to allege the age of the defend-
ant in an indictment under a statute like section 14-
220, Oregon Code 1930. We refer to the leading case
of *State v. Knighten,* 39 Or. 63 (64 P. 866, 87 Am. St.
Rep. 647). The opinion in that case was rendered by

Mr. Chief Justice R. S. BEAN, and is instructive and illuminating. In speaking for the court in that case, the learned justice wrote, among other things:

"At common law, a boy under fourteen years of age was conclusively presumed to be physically incapable of committing the crime of rape, but it was never held that it was necessary to allege the age of the defendant in an indictment for that crime: 16 Am. & Eng. Ency. Law [1st Ed.] 315; *Commonwealth v. Scannel*, 11 Cush. 547; *Sutton v. People*, 145 Ill. 279 (34 N. E. 420); *State v. Ward*, 35 Minn. 182 (28 N W. 192). Nor is it necessary under the statute. If the defendant was below the requisite age, it is a matter of defense."

In addition to the foregoing adjudications in support of his holding, the justice cites Bishop, Statutory Crimes (2d Ed.), § 482. This opinion also cites with approval and quotes from the case of *People v. Ah Yek*, 29 Cal. 575, where it was held that an indictment silent as to the age of the defendant was good, and where Mr. Justice Sawyer, speaking for the California court, said:

"It does not appear upon the face of the indictment that defendant was under fourteen years of age, and we see no better reason for averring that he is over fourteen than in any other criminal case for averring that the party charged is of such an age as to render him capable in law of committing the crime. His capacity to commit the crime is as much an element in the crime in one case as in the other."

So, too, under a statute like our own, the Supreme Court of Vermont, in *State v. Sullivan*, 68 Vt. 540 (35 Atl. 479), held that it was not necessary to allege in the indictment the age of the defendant, but that if he was under sixteen years of age it was a mere matter of defense.

Further comment with relation to this point we deem unnecessary.

█ We now come to the proposition that it is essential to the validity of the indictment that it allege that the person upon whom the alleged assault is made is under the age of sixteen years. The indictment does aver that the alleged victim was, at the time of the commission of the offense, under the age of sixteen years. In plain language, it asserts that Frances Lee was "a female child of the age of fifteen years"; and this allegation is equivalent to saying that she was under sixteen years of age. It is a general rule in criminal procedure that "any allegation that the female was below the age of consent is sufficient; and it is sufficient to allege that she was under the age specified in the statute, without specifically alleging her age; or to allege her age as below an age lower than that specified in the statute; or to allege her age specifically, without any general averment that such age was under the specified age of consent; or to allege both her age and that it was below an age lower than the age specified in the statute; or to allege both her age and that it was below the specified statutory age": 52 C. J. 1041.

█ The third objection to the indictment arises from the absence of any allegation to the effect that the alleged victim was not the wife of the defendant. In view of our statute defining the crime of rape, and the previous decisions of this court, the question of the sufficiency of an indictment without any allegation that the alleged victim is not the wife of the defendant is settled, and settled according to law. See *State v. Edy*, 117 Or. 430 (244 P. 538), and cases there cited. See, also, *State v. Gauthier*, 113 Or. 297 (231 P. 141);

*State v. Hilton,* 119 Or. 441 (249 P. 1103). In some jurisdictions, rape is defined as sexual intercourse accomplished with a female not the wife of the perpetrator. In such jurisdiction, it is proper to negative the relationship of husband and wife between the parties. See 1 Wharton's Criminal Law (11th Ed.), § 741, and cases cited in the note; 22 R. C. L., § 32, "Rape"; 17 Ency. Pl. & Pr., 651; 33 Cyc. 1439, 1440. See, also, Form No. 7, "Indictment for Rape," 1 Oregon Code 1930, p. 1493.

The defendant further makes the proposition of law that an erroneous rule should be overruled. With this proposition we are in hearty accord. However, from a consideration of the matters hereinabove set out, it is apparent that the indictment in the case at issue is a valid one.

This cause is affirmed.

Bean, C. J., Belt and Campbell, JJ., concur.