Argued April 11, reversed May 23, 1962

# STATE OF OREGON *v.* IVERSON
### 371 P. 2d 672

*Verden L. Hockett, Jr.,* Deputy District Attorney, Roseburg, argued the cause for appellant. With him on the brief was Avery W. Thompson, District Attorney, Roseburg.

*Harrison R. Winston,* Roseburg, argued the cause and filed a brief for respondent.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY and GOODWIN, Justices.

GOODWIN, J.

The State of Oregon appeals from a judgment of acquittal entered after the State declined to resubmit its indictment to the grand jury for revision following an order which sustained the defendant's demurrer thereto.

The charging part of the indictment reads as follows:

"The said Roger Iverson on the 19th day of March, A.D. 1961, in the said County of Douglas and State of Oregon, then and there being, did then and there unlawfully, wilfully and feloniously do an act which manifestly tended to cause * * * an unmarried female child under the age of 18 years, to-wit: of the age of sixteen (16) years, to become a delinquent child, to-wit: by then and there appearing in the doorway of the sleeping quarters where the said child was lying in bed in a nightgown and inducing the said child to let him enter the said room at the time that he, the said defendant, Roger Iverson, was clad only in a jacket, which he removed, and crawled into the bed, contrary to the Statutes in such cases made and provided * * *."

The demurrer challenged the indictment on the ground that it did not allege facts sufficient to con-

stitute a violation of the applicable statute, ORS 167.210.

The statute reads in part as follows:

"When a child is a delinquent child as defined by any statute of this state, any person responsible for * * * the delinquency of such child, or any person who by threats, command or persuasion, endeavors to induce any child to perform any act or follow any course of conduct which would cause it to become a delinquent child, or any person who does any act which manifestly tends to cause any child to become a delinquent child, shall be punished * * *."

■ The quoted statute requires the State to allege at least enough facts so that if the indictment is true the defendant could not be innocent. *State v. Peebler et al.,* 200 Or 321, 265 P2d 1081 (1954).

The State contends that the indictment set forth above alleges the crime denounced by ORS 167.210 in language sufficiently clear to a person of ordinary intelligence to put him on notice of the charge against him, as demanded by ORS 132.520 (2). We agree that the indictment is sufficiently clear to advise the accused of the acts which the State would attempt to prove. The only remaining question is whether the acts themselves constitute the crime charged.

■ In *State v. Casson,* 223 Or 421, 354 P2d 815 (1960), we upheld an indictment which charged a violation of the then-applicable statute on contributing to the delinquency of a minor in terms of knowingly bringing a child into an association with a promiscuous homosexual. The crime consisted in bringing together a child and an adult with knowledge of the vicious or immoral nature of the adult. The denunciation of that act could be found by reference to a child-delinquency

statute then in force. The present statutes on contributing to the delinquency of a minor, in force since 1959, were explained by this court in *State v. Harmon,* 225 Or 571, 358 P2d 1048 (1961). The relevant statutes now lead the reader through a somewhat more complicated process of cross-references within the juvenile code than was true under former law. In the final analysis, however, the statutes merely require the state to allege facts which, if proven, would entitle a jury to find that the defendant had committed acts prejudicial to the welfare of the child in certain limited particulars. The jury would then have to find that the acts committed induced or had a manifest tendency to induce the child to act in a manner which would bring a child within the definition of delinquency. See *State v. Stone,* 111 Or 227, 226 P 430 (1924), where we held that it is ordinarily for the jury to decide, upon all the facts, whether the conduct complained of did have the tendency denounced by the statute then in effect. Under the present section, as construed in the *Harmon* case, a child is delinquent if it is one:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city; or

"(b) Who is beyond the control of his parents or other person having his custody; or

"(c) Whose behavior or condition is such as to endanger his own welfare or the welfare of others; or

"     *     *     *     *     *

"(e) Who has run away from his home." ORS 419.476 (1).

■ It cannot be disputed that a sixteen-year-old girl in bed with an adult male, who is unclothed, is behaving in a manner which endangers her welfare within

the meaning of subsection (c) of ORS 419.476 (1). The defendant's contribution to her predicament is the act denounced by ORS 167.210. The only criticism, then, of the indictment presently before the court is that it does not charge that the defendant is an adult. It does not have to. *State v. Nesmith,* 136 Or 593, 596, 300 P 356 (1931). Earlier Oregon decisions on this point are fully considered in that case.

The age of the defendant indeed may be a fact which the jury should consider in a proper case. However, the age of the defendant need not be alleged by the state as an element of the crime. It may be argued that the state should be required to prove that the defendant was past the age when by law he himself would have been treated as a juvenile. For many crimes, the age of the accused is not material, but in the crime of contributing to the delinquency of a minor, the argument runs, the state should be prepared to show that the defendant was older than the age of 18 years. Otherwise, there could be the spectacle of the state prosecuting two equally delinquent children for contributing to each other's difficulties. Granting the logic of this argument, however, the fact that the defendant himself may be a statutory juvenile need not be negated in the indictment. Negation in the indictment of exculpatory matter was thoroughly discussed in *State v. Nesmith,* supra, and we adhere to the views expressed therein. The rights of the defendant can be fully protected by an affirmative showing in the appropriate proceedings.

The State could have availed itself of the opportunity to draw a better indictment. We do not hold the indictment out as a model of pleading. However, the quoted language meets the legislative intent as reflected in ORS 132.520. It did not deceive the de-

fendant in any particular. An indictment for contributing to the delinquency of a minor is sufficient if it charges acts which constitute that crime. It need not negate all possible defenses. The quoted indictment was good against a demurrer.

Reversed with instructions to overrule the demurrer.

PERRY, J., dissents.