Argued January 7, affirmed February 9, 1966

# STATE OF OREGON *v.* DAY

410 P. 2d 1018

*Donald A. Bick,* Eugene, argued the cause for appellant. With him on the briefs were Bick, Monte & Joseph, Eugene.

*Joseph J. Brown,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was William F. Frye, District Attorney, Eugene.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, DENECKE and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore).

The defendant was convicted under ORS 167.210 of the crime of contributing to the delinquency of a 16-year old unmarried girl by engaging in an act of sexual intercourse with her. He seeks a new trial based on the instruction of the court that a child who has run away from home is within the statutory definition of a delinquent child.

The minor testified that she had run away from home before she met the defendant for the first time. She further testified that she stayed with the defendant for several days and had intercourse with him on two different occasions.

ORS 167.210 makes it a felony to contribute to the delinquency of a minor and provides that we shall look to the other statutes of this state for a definition of "delinquent child." ORS 418.205 states that we shall look to paragraphs (a) to (e), Section (1), ORS 419.476 for statements of what acts or conditions make a child delinquent or dependent.

ORS 419.476[1] lists the categories of children within

[1] The statute, ORS 419.476, as amended in 1963 reads:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city; or

"(b) Who is beyond the control of his parents, guardian or other person having his custody; or

"(c) Whose behavior, condition or circumstances are such as to endanger his own welfare or the welfare of others; or

"(d) Who is dependent for care and support on a public or private child-caring agency that needs the services of the court in planning for his best interests; or

the jurisdiction of the juvenile court. At the time ORS 418.205 was enacted, paragraph (e), Section (1), ORS 419.476 read, "One who has run away from his home." Subsequent to the enactment of ORS 418.205 Section (1), ORS 419.476 was amended to add a new category and the reference to a child "who has run away from his home" is now paragraph (f). The legislature, for some reason which we do not here attempt to determine, did not concurrently amend ORS 418.205 to include paragraph (f), Section (1), ORS 419.476.

Under the circumstances of this case we need not decide whether a runaway is presently within the definition of a "delinquent child," for even if we assume that this is not the case, the instruction given by the court was not prejudicial. The jury was instructed that the state had to establish beyond a reasonable doubt each of the material elements of the alleged crime. One of the elements was that the defendant did engage in an act of sexual intercourse with the juvenile. Thus, the jury was told that regardless of any other considerations, unless it found beyond a reasonable doubt that the defendant did engage in an act of intercourse with the girl, it must acquit him.

"It cannot be disputed that a sixteen-year-old girl in bed with an adult male, who was unclothed, is behaving in a manner which endangers her welfare within the meaning of subsection (c) of ORS 419.476." *State v. Iverson*, 231 Or 15, 18-19, 371 P2d 672.

Affirmed.

---

"(e) Either his parents or any other person having his custody have abandoned him, failed to provide him with the support or education required by law, subjected him to cruelty or depravity or failed to provide him with the care, guidance and protection necessary for his physical, mental or emotional well-being; or

"(f) Who has run away from his home.