Argued and submitted July 6, reversed November 12, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN JUNIOR HAYES,
*Appellant.*

(10-91-03977; CA A72075)

843 P2d 944

John Halpern, Jr., Eugene, argued the cause and filed the brief for appellant.

Janie M. Burcart, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

Edmonds, J., dissenting.

## WARREN, P. J.

Defendant appeals his conviction for perjury. ORS 162.065. He assigns error to the trial court's denial of his motion for judgment of acquittal. He argues that there was insufficient evidence to convict him. We reverse.

The perjury charge arose from defendant's testimony during his trial for sodomy committed against his grandchild. The state asked defendant on cross-examination whether he had ever been mean to her. Defendant responded: "I've never been mean to any of my kids. My grandkids or my kids, never, neither one. No sir." During defendant's perjury trial, the state called four of defendant's children and grandchildren to prove the falsity of his answer. The witnesses testified that they had been sexually abused by defendant. The court found defendant guilty.

Defendant argues that his testimony is not a proper basis for a perjury charge, because a person's expression of an opinion cannot form the basis of a perjury conviction without proof, beyond a reasonable doubt, that the witness did not hold that opinion, no matter how unreasonable the opinion might be to others. The state contends that it need not prove the falsity of defendant's opinion and that his beliefs are irrelevant, because defendant's statement was one of fact. In its view, we can infer that, when defendant said that he had never been "mean," he meant that he had never sexually molested his granddaughter, which the state proved was not true. We disagree.

ORS 162.065(1) provides:

"A person commits the crime of perjury if the person makes a false sworn statement in regard to a material issue, knowing it to be false."

ORS 162.055(3) defines a "statement" as

"any representation of fact and includes a representation of opinion, belief or other state of mind where the representation clearly relates to state of mind apart from or in addition to any facts which are the subject of the representation."

■ The definition of "statement" in ORS 162.065 was derived from Model Penal Code (MPC) § 241.0(2). *See Commentary to Proposed Oregon Criminal Code* 84 (1975). MPC

explains that "[a] statement may be so vague or ambiguous as to preclude a satisfactory demonstration that it is false." MPC § 241.1, *comment (b)* at 97 (1980). Because the examiner is in the best position to clarify any such ambiguities,

"[i]t is not unfair to require official interrogation to be sufficiently specific so that the verity of the declarant's statements can be measured against something more objective than a guess as to how he interpreted the question." MPC § 241.1, *comment (b)* at 98.

The United States Supreme Court has been even more emphatic in placing the onus of clarification on the examiner. It has held that "[p]recise questioning is imperative as a predicate for the offense of perjury," because "a prosecution for perjury is not the sole, or even the primary, safeguard against errant testimony." *Bronston v. United States*, 409 US 352, 360, 93 S Ct 595, 34 L Ed 2d 568 (1973). In short, a perjury prosecution may not be based on an inference that a defendant meant one thing when he said another, if the defendant's response could have been clarified with more precise questioning.

■    The prosecutor's question was far from precise. If he had wanted to know if defendant had ever sexually abused his granddaughter, he should have asked that question. Because he did not, the state cannot now endeavor to prove that that is what the question meant and that that was the question that defendant answered.

■    Even if we could construe defendant's answer as a statement of belief, we could not uphold his conviction. Although "it is appropriate to permit prosecutions in some situations where the only lie relates to the declarant's state of mind," the state must prove that defendant misrepresented his actual belief by the statement. MPC § 241.1, *comment (d)* at 106. A representation of state of mind constitutes a statement only "where the representation clearly relates to state of mind *apart from or in addition to any facts which are the subject of the representation.*" ORS 162.055(3). (Emphasis supplied.) A pedophile may not believe that his conduct is "mean" or, even, wrong. Because the state presented no evidence that even remotely suggested that defendant did not sincerely believe that he had not been mean, it failed to prove a misrepresentation.

Reversed.

**EDMONDS, J.,** dissenting.

In a trial to the court, the trial judge found that defendant had knowingly made a false statement under oath. The majority reverses defendant's conviction, because "a perjury prosecution may not be based on an inference that a defendant meant one thing when he said another, if the defendant's response could have been clarified with more precise questioning." 116 Or App at 290. Because that holding renders the legislature's definition of "statement" meaningless and ignores our standard of review, I dissent.

A statement of fact or a statement of belief can be the subject of a perjury charge.[1] Defendant's testimony in his sodomy trial that he had not been "mean" to any of his children or grandchildren meets the statutory definition, because it can properly be categorized as a representation of fact or belief about his conduct regarding those individuals.

The majority wrongly departs from the statutory definition by concluding that defendant's response was not a statement within the meaning of ORS 162.005(3). To reach that conclusion, it circumvents the express language of the statute and announces a new rule of law that is not based on a statutory analysis. There is no claim that ORS 162.055(3) is unconstitutionally vague. We are not authorized to rewrite a statute or ignore the plain meaning of unambiguous words. ORS 174.010. It is apparent that the legislature intended that representations of belief could be the subject of perjury, even in the light of their inherent subjectivity. Obviously, the legislature did not intend that a witness could knowingly lie under oath about a belief and avoid a perjury charge on the basis of an interpretation that was contrived at a later time.

Instead of applying a statutory analysis, the majority relies on the Commentary to the Model Penal Code (MPC) and on *Bronston v. United States*, 409 US 352, 93 S Ct 595, 34

---

[1] A person is guilty of perjury if he "makes a false sworn statement in regard to a material issue, knowing it to be false." ORS 162.065. A "statement" is

"any representation of fact and includes a representation of opinion, belief or other state of mind where the representation clearly relates to state of mind apart from or in addition to any facts which are the subject of the representation." ORS 162.055(3).

L Ed 2d 568 (1973). Its reliance on those authorities is misplaced. The MPC commentary does discuss the need for definite questioning in order to avoid ambiguous responses. *See* MPC § 241.1, *comment (b)* at 97-98 (1980). However, it recognizes that no statute can specify how definite a statement must be, because "[i]t is not possible to define in the abstract the degree of specificity required." MPC § 241.1, *comment (b)* at 98. Furthermore, the commentary says that some words in a question or response may be "subject to some misunderstanding but may be sufficiently definite to be tested for truth; in such a case, the defendant should be allowed to raise a defense of mistake as to the meaning of the question to the jury." MPC § 241.1, *comment (b)* at 99.

The majority accurately quotes the *Bronston* opinion's statement that precise questioning is imperative to a charge of perjury. That language, however, was merely *dictum* in view of the fact that the court did not even reach an issue of ambiguity of the question. *Bronston v. United States, supra,* 409 US at 356. Moreover, the federal perjury statute involved in *Bronston* differs from ORS 162.065 in that it does not explicitly include statements of belief or opinion.[2]

The majority is wrong in concluding that the state failed to prove perjury because it "presented no evidence that even remotely suggested that defendant did not sincerely believe that he was not mean." 116 Or App at 290. That conclusion fails to recognize how a subjective fact or belief can be proven to be false.[3] Whether a defendant knew that his statement was false must be proven by circumstantial evidence because, generally, there will be no witnesses available who can testify as to the defendant's subjective knowledge. *See State v. Shoemaker,* 277 Or 55, 559 P2d 498 (1977).

---

[2] The federal perjury statute, 18 USC § 1621, provides, in part:

"Whoever, having taken an oath * * * wilfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury."

[3] First, a factual finding must be made as to a defendant's subjective interpretation of the question. Then, on the basis of that finding, it can be determined if he responded falsely. *See State v. Carothers,* 69 Or 382, 138 P 1077 (1914); *State v. Hyde,* 28 Or App 809, 561 P2d 659 (1977); *United States v. Bonacorsa,* 528 F2d 1218 (2d Cir 1976); *United States v. Chapin,* 515 F2d 1274 (DC Cir 1975); *Seymour v. United States,* 77 F2d 577 (8th Cir 1935).

Announcing the verdict, the trial judge said:

"[E]ven though the word [mean] is a little imprecise * * * it's clear that, in these circumstances, what we're talking about is 'Did you ever do anything hurtful, harmful, malicious to these * * * people?' And his answer was he'd never done that with any of them.

"And I think, based upon the testimony that we've heard this morning, it's clear that that statement was false and that the defendant knew that it was false. And so I'm going to find the defendant guilty of perjury on that basis."

On review, we view the evidence in the light most favorable to the state to determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Harris*, 288 Or 703, 721, 609 P2d 798 (1980). "Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for [the trier of fact] to so find." *State v. Krummacher*, 269 Or 125, 138, 523 P2d 1009 (1974). The majority fails to abide by that standard of review.

The testimony supports the trial court's finding. The focus of the testimony at the sodomy trial, leading up to defendant's testimony, shows the context for the state's questions it later asked defendant. As the first witness, defendant's granddaughter testified that defendant had sodomized her in his bedroom. Another grandchild then testified that she had observed defendant take the victim into his bedroom on several occasions and noted that she was distraught when she came out of the room. Defendant testified that the sodomy did not occur and that he was never alone in his bedroom with the victim. On cross-examination, this occurred:

"Q. Were there times when you took [your granddaughter] into the bedroom?

"A. Absolutely not.

"Q. Never happened?

"A. Absolutely not.

"* * * * *

"Q. She never set a foot in your bedroom, ever?

"A. I guess she had been in there, sure. But not with me alone, no sir.

"Q.   Did you ever take any of the other children into the bedroom alone?

"A.   No sir."

Defendant was then asked if he had ever been mean to the victim and gave the response that is the basis of the perjury allegation.

In addition to the context of the question, the state presented other circumstantial evidence from which a rational trier of fact could reasonably find that defendant understood the question at the time it was asked and knowingly responded falsely. All of the other victims who testified at the perjury trial said that they had been sexually abused by defendant before the sodomy charge and that they had verbally and physically resisted defendant's sexual advances. Some victims said that they had exhibited pain and were reduced to tears while they were being abused. Viewing that evidence in the light most favorable to the state, I would find the evidence sufficient for the trial judge to find defendant guilty of perjury.

By announcing a rule of law contrary to the express language of the statute, the majority must think that it is a branch of the legislature. I dissent.