Argued and submitted March 5, reversed and remanded for a new trial
December 16, 1992, reconsideration denied March 24, petition for review
denied May 25, 1993 (316 Or 528)

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN JUNIOR HAYES,
*Appellant.*

(10-90-09975; CA A69902)

843 P2d 948

John Halpern, Jr., Eugene, argued the cause and filed the brief for appellant.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals convictions on four counts of sodomy in the first degree. ORS 163.405. He contends that the court erred in allowing the state to present rebuttal evidence of other acts of sexual abuse. He also contends that the court erred by imposing restitution and consecutive sentences.

The four sodomy counts involved one of defendant's granddaughters. She was 16 years old at the time of trial and testified that defendant had sexually abused her for several years. She testified in detail about the four separate acts.[1] Before and during trial, defendant moved to exclude any evidence about sexual abuse of two of his daughters and two other granddaughters. The evidence was excluded, and the state presented no such evidence in its case in chief.

Defendant testified and denied any sexual abuse of the granddaughter. On cross-examination, the prosecutor asked defendant if he had ever taken her into his bedroom. Defendant responded that he had never been in his bedroom alone with her. The prosecutor then asked if he had ever taken any of the other children into the bedroom alone. In response to a relevance objection, the prosecutor said:

> "I'm just trying to determine if he treated the other children differently than this child."

Defendant said that he had not taken other children into his bedroom alone. The prosecutor then asked:

> "Were you ever mean to [the granddaughter]?"

Defendant responded:

> "I've never been mean to any of my kids. My grandkids or my kids, never, neither one. No, sir."

Over defendant's objection, the state called two of defendant's daughters and two other granddaughters, who testified about his sexual molestation of them. Defendant moved for a mistrial and for a new trial on the ground that the rebuttal evidence was improperly admitted.

---

[1] Two other charges were dismissed, because the Statute of Limitations had expired.

The trial court concluded that, although defendant's answer to the prosecutor's question about the victim was not responsive, the answer left the jury with the impression that he had never been mean to any of his children or grandchildren, including the victim. It noted that defendant's answer came after there had been extensive discussion about admission of other acts of abuse. The court found that the prosecutor did not lure defendant into making the statement or structure the cross-examination to create an opportunity for rebuttal by otherwise inadmissible evidence.

Defendant first argues that the rebuttal was improper, because he did not put his good character clearly and expressly in issue and so any evidence of bad character is not admissible. *State v. Ewing*, 174 Or 487, 149 P2d 765 (1944); *State v. Davis*, 54 Or App 133, 634 P2d 279 (1981); *State v. Henley*, 27 Or App 607, 557 P2d 33 (1976), *rev den* 277 Or 237 (1977).

The state argues that defendant's testimony was a statement of fact and not a recitation of opinion or character and may be rebutted by contradictory evidence. *State v. Smith*, 86 Or App 239, 739 P2d 577 (1987). It contends that the statement of fact was not collateral or irrelevant to the main issue at trial. In any event, the state argues, defendant made the fact an issue by his unresponsive answer to a legitimate question on cross-examination and it was necessary to rebut the statement, because of the impression the jury could glean of defendant's relationship with his granddaughter.

The state's argument depends, in the main, on there having been a reasonably precise statement of fact to rebut. Rebuttal evidence would have to be contradictory of that fact statement. If a statement is ambiguous or imprecise, there is a danger that the evidence will seem to contradict something that was not intended. If, as defendant suggested to the trial court, the statement did not relate to sexual conduct, the state went through the wrong open door.

After defendant's trial, he was prosecuted for perjury for the testimony that is the subject of his claim of error. He was convicted, but we reversed the conviction, because his response to the prosecutor's question was imprecise as a

matter of law and could not be perjury under ORS 162.065. *State v. Hayes*, 116 Or App 287, 843 P2d 944 (1992).

In this case, the statement, which is not precise and clear enough to be perjury, is also not precise enough to be impeachable. Although a trial court has discretion in determining whether a statement is subject to rebuttal, *State v. Smith, supra*, we conclude that, in the light of *State v. Hayes, supra*, it erred by allowing this rebuttal testimony.

Reversed and remanded for a new trial.