Argued and submitted October 31, 1996, affirmed March 5, 1997

STATE OF OREGON,
*Respondent,*

*v.*

ANTHONY RAY PEOPLES,
*Appellant.*

(95D-102088; CA A90011)

934 P2d 599

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendant was charged with assault in the fourth degree, ORS 163.160, and two counts of harassment, ORS 166.065. The court dismissed one count of harassment. The jury acquitted defendant on the assault charge and found him guilty of the remaining harassment charge. He appeals his harassment conviction, arguing that the trial court erred by prosecuting the charges against him as misdemeanors rather than violations. He also assigns error to the trial court's admission of evidence of two of his prior criminal convictions. We affirm.

■    In his first assignment of error, defendant argues that the state failed to satisfy the requirements of ORS 161.565(2), which requires the state "upon the date scheduled for the first appearance of the defendant" to "declare on the record" whether it intends to proceed with the charges as misdemeanors. Defendant agrees that the information given to him at arraignment set forth in writing the district attorney's intention to treat his case as a misdemeanor, but argues that that is not sufficient to satisfy the statute.

The state contends that it did satisfy the statute, but that, in any event, we should not address defendant's argument because he did not preserve it and it is not an error of law apparent on the face of the record. We agree that it was not preserved and, accordingly, we will not address it. *State v. Lovette*, 145 Or App 317, 930 P2d 856 (1996); *State v. Jolley*, 145 Or App 312, 930 P2d 855 (1996).

■■    Defendant next argues that the trial court erred by allowing the introduction of evidence, under OEC 404(2), that defendant previously had been convicted of resisting arrest and fourth-degree assault. We review the trial court's ruling allowing such evidence for abuse of discretion. *State v. Walton*, 311 Or 223, 232, 809 P2d 81 (1991); *State v. Guritz*, 134 Or App 262, 267, 894 P2d 1235, *rev den* 321 Or 560 (1995).

OEC 404(2) provides, in pertinent part:

"Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

> "(a) Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same[.]"

As we explained in *Guritz*, the gist of subsection (a) of this rule is that a defendant may offer evidence of a "pertinent trait of character" but undertakes some risk in doing so. 134 Or App at 266-67. When a defendant clearly puts a "pertinent trait of character" at issue, the state is then allowed to rebut that evidence by cross-examining the defendant regarding that trait or by introducing extrinsic evidence to rebut the defendant's evidence concerning the character trait. *Guritz*, 134 Or App at 267-68; *State v. Hayes*, 117 Or App 202, 205, 843 P2d 948 (1992), *rev den* 316 Or 528 (1993).

The trial court here concluded that defendant had clearly put his character for being a law-abiding citizen at issue and accordingly had "opened the door" to the state's rebuttal on this question. It then allowed the state to introduce evidence of defendant's prior convictions for resisting arrest and fourth-degree assault. Defendant argues that his testimony did not clearly put this character trait at issue.[1] We disagree.

The pertinent portion of defendant's testimony was as follows:

> "[Defense counsel]: Now, I'm going to bring this up, because I know that the prosecutor is going to bring it up. He's going to try to impeach you for something that you've done in the past. And I'm going to go ahead and tell the jury about it so they'll know. Okay? And I don't want to do this, but I have to, because he's going to bring it up. So I'm just going to get it out in the open. All right? Because it happened a long time ago. It happened, when, in 1983? You were convicted for a particular crime, about 12 years ago. Can you tell the jury what it was? Was it burglary two?
>
> "[Defendant]: Yes.
>
> "[Defense counsel]: Did you spend any time in jail for that?

---

[1] On appeal, defendant argues that "law-abiding character" is not a pertinent character trait under OEC 404(2)(a). Defendant did not make this argument below, and, accordingly, we decline to address it.

"[Defendant]: I'm not sure how long, but yes, some time.

"[Defense counsel]: Did you pay fines on that?

"[Defendant]: Yes.

"[Defense counsel]: Is that over? Is that behind you?

"[Defendant]: Over. Yeah, I'm not a thief, and then I was under the influence of alcohol, so that tells you I have a problem with alcohol. I'm not a thief. I despise thieves. Now I despise drug users.

"[Defense counsel]: You have changed, I would say, [defendant]. Is that correct?

"[Defendant]: Pardon me?

"[Defense counsel]: You're saying you're not a thief. I'm saying you've changed.

"[Defendant]: A great deal. I've grown up a lot. I thought marriage was part of that.

"[Defense counsel]: I don't have any further questions.

"* * * * *

"[Prosecutor]: You've changed a great deal since 1983, is that what you're telling the jury?

"[Defendant]: Yes, sir.

"[Defense counsel]: I'll object Your Honor. We need to have a sidebar."

Defendant's testimony that he had changed and grown up and that he now despises thieves and drug users strongly implies that, although he had committed a single serious offense several years earlier, he has acted in a law-abiding manner since that conviction. This is not a case, such as *Hayes*, where the state attempted to rely on a defendant's single ambiguous statement as putting a pertinent character trait at issue. 117 Or App at 205. Under the circumstances here, the trial court's conclusion that defendant had put his character for being a law-abiding citizen at issue and that the state should be allowed to rebut defendant's testimony by introducing evidence of defendant's convictions after the 1983 burglary was not an abuse of discretion.

Defendant also argues that the trial court erred in admitting the evidence because it failed to evaluate it under the balancing test of OEC 403.[2] He argues alternatively that if the court did undertake the balancing test, it erred by failing to make a record demonstrating that it balanced the probative value of the proffered evidence against the danger of unfair prejudice. The record shows, however, that the trial court did consider both the relevance and the prejudicial effect of the evidence and, accordingly, that it exercised its discretion under OEC 403. The trial court did not err in admitting the evidence of defendant's prior convictions.

Affirmed.

---

[2] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."