Argued September 14, affirmed October 12, 1966

# STATE OF OREGON *v.* STEVEN COLE

418 P. 2d 844

*John Toran, Jr.,* Portland, argued the cause and filed briefs for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and George M. Joseph, Deputy District Attorney, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

LUSK, J.

The defendant was indicted on two charges—rape, by carnally knowing a female under the age of 16 years, and contributing to the delinquency of a minor. During the trial, the court, on motion of the state, withdrew the charge of contributing to the delinquency of a minor. The jury found the defendant guilty of statutory rape and the defendant has appealed.

The first and second assignments of error relate to the same question and will be considered together. ORS 163.210 (1) reads in part: "Any person over the age of 16 years who carnally knows any female child under the age of 16 years * * * is guilty of rape

\* \* \*." After the state rested its case the defendant moved for a directed verdict on the ground that the state had failed to prove that the defendant was over the age of 16 years. The court, on motion, permitted the state to reopen its case so as to furnish such proof. The defendant says that the ruling was error and prejudicial and that in any event the proof of defendant's age adduced was insufficient.

■■ There was no need for the state to reopen its case, as the age of the defendant is not required to be alleged in the indictment and, in fact, was not alleged. If the defendant was below the requisite age that was a matter of defense: *State v. Nesmith,* 136 Or 593, 595-596, 300 P 356; *State v. Knighten,* 39 Or 63, 64 P 866, 87 Am St Rep 647. The reason for this rule is fully and clearly explained in the cases cited. The court instructed the jury in this case that the state must prove that the defendant was over the age of 16 years. The sum of the matter is that, whatever error was committed was error in favor of the defendant, not against him.

■ Another assignment of error is directed to the court's withdrawal of the charge of contributing to the delinquency of a minor. Counsel for defendant objected to the court's action for the reason that "this matter comes too late" and "the proper order in this case would have been to have directed a verdict against the State." The motion to withdraw and its allowance came before the court instructed the jury. Since there was ample evidence to support the charge of statutory rape and it does not appear that the defendant was in any way prejudiced by the withdrawal of the other charge and, indeed, may have been benefited by it, the assignment of error is without merit.

■■ Over objection of the defendant the court ad-

mitted the testimony of Dr. Layne Gentry (a medical extern① at the time to which his testimony related) that on April 30, 1965, 17 days after the commission of the alleged offense, the prosecutrix was examined by him and found to be suffering from gonorrhea, probably contracted in sexual intercourse. The objection was on the ground that "the examination occurred some ,17 days subsequent to the alleged offenses." The brief does not set out the objection as required by our rules and we would, for that reason, be justified in refusing to notice the assignment of error. The only stated ground of the objection is not good. It evidently relates to Dr. Gentry's testimony that the average period of time within which the symptoms of gonorrhea are noticed by the person infected is from three to eleven days after contact. While 17 days elapsed before the prosecutrix went to see Dr. Gentry, there is evidence that she noticed the symptoms of the disease within the period stated.

Other grounds of objection to Dr. Gentry's testimony, not called to the attention of the trial court, are urged in defendant's briefs, but there is nothing about this case to incline us to notice contentions made for the first time in this court. The guilt of the defendant was established by the direct evidence of the prosecutrix and by circumstantial evidence of the most cogent character. There was no evidence to the contrary.

The judgment is affirmed.

---

① An extern is a senior medical student who handles minor illnesses under the direction of a licensed physician. No question is raised here as to the qualifications of Dr. Gentry to testify.