Argued and submitted November 9, 1992, convictions affirmed; remanded for resentencing February 10, reconsideration denied August 11, petition for review denied August 24, 1993 (317 Or ____)

# STATE OF OREGON,
*Respondent,*

*v.*

# CONRAD ROBERT ENGWEILER,
*Appellant.*

## (C90-07-34030; CA A69627)

846 P2d 1163

Wayne Mackeson, Portland, argued the cause for appellant. On the brief was Des Connall, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant, a remanded juvenile, ORS 419.533(1), was convicted of two counts of aggravated murder, one count of first degree rape, one count of first degree sodomy and one count of murder. He challenges the convictions for rape and sodomy. He also assigns error to the imposition of a 30-year minimum sentence. We affirm the convictions and remand for resentencing.

On February 21, 1990, defendant raped and sodomized an acquaintance and then killed her to conceal the crime. Several hours before her death, the victim told a friend, Pebworth, that she "didn't like [defendant] anymore, and she didn't want to have anything to do with him." In the month before her death, the victim had, on several occasions, told another friend, Larson, that "she was not interested in [defendant], in the relationship anymore." The victim told a third friend, Coston, that she "didn't want to see [defendant] anymore."

Before trial, the state advised the trial court that it would introduce testimony of the victim's friends under OEC 803(3) if defendant raised the defense of consent to sexual contact. At a pretrial hearing, defendant argued that the victim's declarations to her friends of dislike for defendant did not fall under OEC 803(3). The trial court ruled that the testimony was admissible as a statement of a then existing state of mind. OEC 803(3).

At trial, defendant made a general objection to Pebworth's and Coston's testimony concerning the victim's expressions of dislike. During Larson's testimony, defendant made one objection—that Larson was unresponsive. On appeal, defendant argues that the victim's declarations of dislike for defendant were irrelevant and remote, OEC 401, more prejudicial than probative, OEC 403, and inadmissible under OEC 803(3). The state argues that, because defendant did not object at trial to the testimony on the grounds of irrelevance, remoteness, and prejudice, the errors were not preserved. With regard to the inadmissibility of the testimony under OEC 803(3), the state argues that defendant did not preserve that error because he did not assert at trial that the testimony fell outside the scope of the court's pretrial ruling.

■ ■ In *Shields v. Campbell*, 277 Or 71, 559 P2d 1275 (1977), the Supreme Court said:

> "A party owes the trial court the obligation of a sound, clear and articulate motion, objection or exception so as to permit the trial judge a chance to consider the legal contention or to correct an error already made." 277 Or at 77.

Thus, any arguments discussed at a pretrial hearing and ruled on by the court are sufficiently preserved for appeal. However, we will not consider objections to testimony not urged before the trial court. *State v. Cole*, 244 Or 455, 458, 418 P2d 844 (1966).

■ ■ Defendant argues for the first time on appeal that hearsay evidence of the victim's dislike for defendant was unfairly prejudicial. We will not consider that issue because it was not preserved. *Campbell v. Shields, supra.* However, at the pretrial hearing, defendant argued that hearsay evidence of the victim's dislike was irrelevant and was improperly offered to prove defendant's conduct, and the court ruled against defendant. Those issues were preserved for appeal.

■ Defendant argues that the victim's state of mind at the time she expressed her dislike was not relevant to any material issue in the case. Evidence is relevant if it has a tendency to make any fact of consequence more or less probable than it would be without the evidence. OEC 401. The victim's lack of consent to sexual contact was a fact of consequence to whether rape or sodomy occurred. Her dislike for defendant, expressed over a two-month period, up to and including the day of her rape and murder, tends to make the victim's lack of consent more probable than it would be without the evidence. The statements were relevant.

■ Defendant also argues that the evidence was improperly admitted to prove his future conduct. He is correct that statements by a declarant are admissible under 803(3) only to prove the declarant's future conduct, not the future conduct of another. Legislative Commentary to OEC 803(3) (reprinted in Kirkpatrick, *Oregon Evidence* 537 (2d ed 1989)). Here, the victim's statements of dislike for defendant were admissible to prove her conduct, *i.e.*, that she did not consent to sexual contact with him. However, defendant argues that

the declarant's description of her own mental state is inadmissible if the statement can be used to *infer* his conduct. Defendant misconstrues OEC 803(3).

■       OEC 803(3) excludes statements by the declarant that the declarant and the defendant intended to do a certain thing. The reason for that exclusion is that "[a] declaration of what one person intended to do cannot safely be accepted as evidence of what another probably did." *People v. Alcalde*, 24 Cal 2d 177, 189, 148 P2d 627 (1944) (Traynor, J., dissenting). Here, the victim's statements were offered to show that she did not voluntarily have sexual intercourse with defendant. Those statements are not rendered inadmissible merely because they also tend to suggest something about defendant's conduct.

■       Defendant also assigns error to the imposition of a minimum sentence. A mandatory sentence for aggravated murder cannot be imposed on a remanded juvenile who was under the age of 17 at the time of the offense. Defendant was under 17. *Wells v. Peterson*, 315 Or 233, 844 P2d 192 (1992).

Convictions affirmed; remanded for resentencing.