On respondent's motion to dismiss filed January 10, motion denied
November 1, 2000

CONRAD ENGWEILER,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A108469)

13 P3d 1009

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kelly Knivila, Assistant Attorney General, for the motion.

Marc Sussman *contra*.

Before Haselton, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (Board). ORS 144.335; ORS 183.482. The Board moves to dismiss the petition for judicial review, arguing that the challenged order is unreviewable. We deny the motion.

Petitioner was convicted of aggravated murder in adult court on a remand from juvenile court for a crime committed in 1990. ORS 419.533 (1989). The Board held a prison term hearing that resulted in an order establishing a prison term of 480 months and a murder "review date" of February 22, 2030. In setting the prison term and review date, the Board used a matrix and rules it adopted in May 1999. Petitioner objected to the order, arguing that the application of the matrix and rules violated the *ex post facto* clauses of the federal and state constitutions. The Board rejected petitioner's arguments. In its response to petitioner's request for administrative review of the order, the Board stated:

> "The Department of Justice advised the Board in October 1994 that the Board had the authority to conduct a hearing and set an initial parole release date pursuant to ORS 144.120 for juveniles convicted of aggravated murder and the Board may establish an aggravated murder matrix for this limited purpose. The Department of Justice advised that ORS 144.110(2)(b) was impliedly amended by ORS 161.620 (1994 version) to allow the Board to set prison terms and hold parole hearings for juveniles who were under 17 years old when they were remanded and convicted of aggravated murder."

Petitioner seeks review of the Board's final order.

■ In its motion to dismiss, the Board argues first that under ORS 144.335(1) we cannot review the challenged order because it did not set a parole release date and, second, that the exception in subsection (3) of that statute does not apply. ORS 144.335 provides, in part:

> "(1) When a person over whom the State Board of Parole and Post-Prison Supervision exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of

parole, the revoking of post-prison supervision or the imposition of conditions of parole or of post-prison supervision and after exhaustion of administrative review as provided by board rule, such person is entitled to judicial review of the final order.

"* * * * *

"(3)   Notwithstanding subsection (1) of this section, *the board's order is final and is not subject to judicial review when the board makes any decision relating to a release date or a parole consideration hearing date,* including:

"(a)   Setting an initial release date under ORS 144.120, except that *the setting of an initial release date under ORS 144.120 remains subject to judicial review if the prisoner contests the crime severity rating, the history risk score or aggravation factors* found by the board under the rules of the board." (Emphasis added.)

Specifically, the Board asserts that it did not set a parole release date, only a review date, and even if it did, ORS 144.335(3) precludes the review of any order relating to a release date. Petitioner concedes that ORS 144.335 sharply circumscribes judicial review of Board orders setting a parole release date. Nonetheless, petitioner argues that the exception found in subsection (3)(a) applies. The Board asserts that the exception does not apply for two reasons: (1) petitioner's review date was not set under ORS 144.120 because that statute does not apply to a person convicted of aggravated murder, and (2) petitioner is not contesting the crime severity rating, history risk score, or aggravation factors. Petitioner argues that the Board must have acted under ORS 144.120[1]—indeed, the Board said so in its response to petitioner's request for administrative review—and that we should interpret the statute as implicitly extending to remanded juveniles convicted of aggravated murder in order to avoid the anomalous result of the Board having no statutory authority to set the release dates of this class of

---

[1] ORS 144.120(1)(a) provides, in part:

"For those prisoners sentenced to a term of imprisonment for life or for 15 years or more, with the exception of those sentenced for aggravated murder or murder, the board shall conduct the parole hearing, and shall set the initial release date, within one year following admission of the prisoner to the institution."

remanded juveniles. Additionally, petitioner asserts that his opposition to the Board's application of the 1999 matrix and rules equates to contesting his crime severity rating, history risk score, and aggravation factors.

■ ORS 144.335 does significantly restrict our review of the Board's orders. *See Quintero v. Board of Parole*, 329 Or 319, 986 P2d 575 (1999). ORS 144.335(1) provides, in part, that petitioner may seek review if he is "adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole[.]" ORS 144.335(3) provides in turn that "any decision relating to a release date or a parole consideration hearing date" is not subject to judicial review "except that the setting of an initial release date under ORS 144.120 remains subject to judicial review if the prisoner contests the crime severity rating, the history risk score or aggravation factors[.]"

Despite the Board's assertion that it only set a review date, it also established a prison term. *See* OAR 255-005-0005(41) and (42) (defining prison term and prison term hearing); OAR 255-030-0055(2)(j) (providing that the notice of decision from a "prison term hearing" includes "[t]he prison term set"); OAR 255-032-0005(4) (providing that juveniles receive a "prison term hearing"); OAR 255-032-0011(1) (providing that the hearing be conducted pursuant to OAR 255-030-0055).[2] The Board's order clearly provides that "A 480 MONTH PRISON TERM IS ESTABLISHED[.]" Under OAR 255-005-0005(41) a "prison term" means "[t]he Board established time the inmate must serve before the initial parole release date, in accordance with applicable laws and the Board's Administrative Rules."

■ The Board stated in its response to petitioner's request for review that, in 1994, the Department of Justice advised it "that the Board had the authority to conduct a hearing and set *an initial parole release date* pursuant to ORS 144.120 for juveniles convicted of aggravated murder[.]" (Emphasis added.) In addition, the Board explained that the rules it applied "were properly developed to allow

---

[2] We have referred to those rules that the Board purported to act under, the rules that were effective on June 10, 1999, the date of petitioner's hearing.

Mr. Engweiler *parole eligibility at a specified time* that is appropriate for his case" and that those rules "*guarantee parole eligibility at a specified date* appropriate to the case." (Emphasis added.) A decision by the Board establishing a "prison term" that "guarantee[s] parole eligibility at a specified date" is a decision setting "an initial release date" under ORS 144.335(3) and ORS 144.120. *See Quintero,* 329 Or at 323. Conceivably, the Board may conclude that it did not have the authority to establish a prison term for petitioner and may choose to withdraw the order. However, it may not now argue that it could not have acted under ORS 144.120 in order to preclude petitioner from seeking review of its order. *See Eggsman v. Board of Parole,* 60 Or App 381, 383 and n 4, 653 P2d 1277 (1982) (suggesting that if the Board agrees that it lacked statutory authority it should withdraw its order).[3] We hold that in this case, for purposes of reviewability, the Board set a release date under ORS 144.120 for petitioner.

ORS 144.335(3)(a) permits judicial review of an initial release date under ORS 144.120 only where the prisoner is contesting the crime severity rating, history risk score, or aggravation factors. Petitioner argues that

"respondent misconstrues the scope of petitioner's challenge to the board's decision setting his prison term. Petitioner explicitly and implicitly argued that the applicable crime severity rating (CSR) and history risk score (HRS) were those based on the 'matrix' guidelines in effect in 1990. The board applied a different CSR and HRS under its new rule for remanded juveniles.

"Petitioner objected to the CSR and HRS applied by the board, both at his hearing, and again, by referring to counsel's hearing memorandum to the board, in his request for administrative review. These objections are sufficient to give the Court jurisdiction to review the board action under [ORS] 144.335(3)(a)."

---

[3] In *Quintero*, the Supreme Court emphasized that it is the court's role, rather than the function of the Board's legal representatives, to determine the meaning of a statute. 329 Or at 326. Nothing we have said should be taken as a retreat from that principle or as an endorsement of any particular construction of the statutes involved in this case.

Petitioner's challenge to the Board's authority to establish and apply the matrix and rules used in determining his rating and score necessarily constitutes a challenge to the rating and score. Petitioner is entitled to review of the Board's order setting his release date because he contests "the crime severity rating, the history risk score or aggravation factors" set by the Board under ORS 144.120. ORS 144.335(3)(a).

Motion denied.