On respondent's motion to dismiss filed October 3, and petitioner's response filed November 9, 2001, judicial review dismissed April 10, 2002

JEFFREY LYNN KENTON,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

A115329

43 P3d 1215

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Holly A. Vance, Assistant Attorney General, for motion.

Irene B. Taylor, Deputy Public Defender, *contra.*

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioner has petitioned for judicial review of an administrative review response and the underlying Board action form, both of which were issued by the Board of Parole and Post-Prison Supervision. The Board has moved to dismiss on the ground that the orders relate only to a release date and, thus, are not subject to judicial review under ORS 144.335(3) (1999).[1] We grant the motion.

Petitioner was convicted of manslaughter and sentenced to 20 years in prison under the matrix system on February 3, 1984. That sentence was to be served consecutively to a five-year sentence for theft. In a June 16, 1994, Board order, petitioner was released on parole to a supervision period of "12 months, or to the sentence expiration date." On June 27, 1995, petitioner's parole officer submitted a written recommendation to the Board that petitioner's active parole supervision be extended due to "new/pending criminal charges" in Oregon and California. The "maximum expiration date" in that recommendation was January 17, 2007. On June 18, 1998, the Board issued a warrant for petitioner's arrest and an order of supervision suspension and detention. On August 17, 1998, the Board lifted the warrant and continued supervision to allow for a 25-day custody sanction. The sanction release date was August 23, 1998, but the order declined to set a new supervision expiration date because petitioner had accrued "abscond time."

On November 9, 2000, petitioner was convicted of two counts of racketeering, which led, on January 25, 2001, to the Board issuing an order of revocation of petitioner's parole

---

[1] Effective January 1, 2002, the present version of ORS 144.335 permits judicial review of orders that relate to a release date. The new version of the statute does not apply to this case, and all references to ORS 144.335 throughout this opinion are to the 1999 version. ORS 144.335(3) (1999) provided, in part:

"Notwithstanding subsection (1) of this section, the board's order is final and is not subject to judicial review when the board makes any decision relating to a release date or a parole consideration hearing date, including:

"* * * * *

"(c) Setting a release date, or declining to set a release date, after a parole consideration hearing under ORS 144.228."

on the manslaughter conviction. Petitioner did not seek administrative or judicial review of the revocation order.

On April 11, 2001, the Board held a future disposition hearing and issued a Board action form in which it denied petitioner's re-release and reset the release date to September 15, 2004. Petitioner sought administrative review of the Board action form, arguing, among other things, that he had been officially discharged from parole on the manslaughter conviction in 1995 and that his manslaughter sentence had expired before his racketeering convictions. The Board issued an administrative review response, rejecting petitioner's arguments and affirming its decision to deny petitioner re-release and establish a new release date.

██ Petitioner filed a timely petition for judicial review from the two orders. However, ORS 144.335(3) bars review of *any* decision relating to a parole release date. *Quintero v. Board of Parole*, 329 Or 319, 326, 986 P2d 575 (1999). Petitioner could have petitioned for judicial review of the January 25, 2001, order of revocation under ORS 144.335(1) and disputed the Board's calculation in that proceeding of when his sentence and parole supervision periods expired. Although petitioner may be able to make those challenges in another forum, ORS 144.335(3) precludes him from challenging, by direct appeal, the Board's actions taken in denying his re-release and setting a new release date.

Judicial review dismissed.