Argued and submitted August 28, 2002, affirmed on January 28, 2004

# REX LEE LARSEN,
*Petitioner,*

*v.*

# BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

## A107425

84 P3d 176

Rebecca Duncan, Deputy Public Defender, argued the cause for petitioner. With her on the brief was David Groom, Oregon Public Defender.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

DEITS, C. J.

**DEITS, C. J.**

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (board) that determined, pursuant to ORS 163.105 (1977),[1] that petitioner was not likely to be rehabilitated within a reasonable time. The effect of that order was that petitioner continued to serve a life sentence and was ineligible for parole or work release. Petitioner contends that, once he served his minimum term of confinement, he was no longer required to prove that he is likely to be rehabilitated within a reasonable time in order to be eligible for parole or work release. We affirm.

In 1978, petitioner was convicted of, among other crimes, aggravated murder. Under the sentencing scheme then in effect, the trial court sentenced petitioner to life in prison and ordered that he serve a minimum of 20 years without the possibility of parole, work release, or temporary leave. ORS 163.105(2). In 1998, pursuant to ORS 163.105(3), the board held a review hearing and found that, under the standard set forth in the statute, petitioner was not likely to be rehabilitated within a reasonable period of time. Accordingly, the terms of petitioner's confinement with respect to parole or work release remained the same. *See* ORS 163.105(4) (if board finds that petitioner is capable of rehabilitation and that terms of confinement should be changed to allow parole or work release, board "shall enter an order to that effect"; otherwise, board shall "deny the relief sought in the petition"). Petitioner seeks judicial review of the board's order.

■ Before turning to the merits, we consider whether the board's order is subject to judicial review. The board moved to dismiss this judicial review proceeding, arguing that this court lacks jurisdiction under ORS 144.335(3) (1999), which precludes judicial review of decisions "relating

---

[1] ORS 163.105 has been amended a number of times since 1977. Or Laws 1999, ch 782, § 5; Or Laws 1999, ch 59, § 31; Or Laws 1995, ch 421, § 2; Or Laws 1991, ch 126, § 8; Or Laws 1989, ch 720, § 1; Or Laws 1987, ch 803, § 20; Or Laws 1987, ch 158, § 23; Or Laws 1985, ch 3, § 1; Or Laws 1981, ch 873, § 4. All references to ORS 163.105 throughout this opinion are to the 1977 version, which was in effect when petitioner was sentenced.

to a release date or a parole consideration hearing date * * *"[2] The board contends that, in its order in this case, it refused to authorize the possibility of parole and refused to set a parole release date. Accordingly, in the state's view, the order in this case "relat[es] to a release date," and ORS 144.335(3) precludes our review.

Petitioner responds that the board's order was, in fact, of a more limited nature than the board suggests. Petitioner argues that ORS 163.105 does not authorize the board to take any action regarding release dates. Instead, according to petitioner, the only issue the board may consider in an ORS 163.105 hearing is "whether or not the prisoner is likely to be rehabilitated in a reasonable amount of time." If the board determines that a prisoner is capable of rehabilitation, it may change the terms of the prisoner's confinement to allow for the possibility of parole or work release. Because there is no provision in ORS 163.105 authorizing the board to set or deny a release date, petitioner argues that any such action would have been beyond the board's authority in this proceeding. Petitioner acknowledges that, in its administrative review response, the board used the words "release date." However, in petitioner's view, the mere appearance of those words is not enough to preclude judicial review under ORS 144.335(3).

For the reasons that follow, we conclude that the order in this case is reviewable. Because the issue is one of statutory construction, we follow the analytical framework set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). ORS 144.335(3) provides, in part:

> "[T]he board's order is final and is not subject to judicial review when the board makes any decision relating to a release date or a parole consideration hearing date[.]"

The remainder of ORS 144.335(3) sets out a list of the kinds of orders it makes unreviewable.

---

[2] Effective January 1, 2002, ORS 144.335 no longer precludes judicial review of orders that relate to a release date or a parole consideration hearing date. Or Laws 2001, ch 661, §§ 1, 5. The new version of the statute does not apply to this case. *See* Or Laws 2001, ch 661, § 5 (amendments to ORS 144.335 apply only to board orders mailed after effective date of act). All references to ORS 144.335 throughout this opinion are to the 1999 version.

The order at issue in this case is not on the list of orders in ORS 144.335(3), but its absence does not automatically make the order reviewable. *Quintero v. Board of Parole*, 329 Or 319, 324-25, 986 P2d 575 (1999) (list of orders in ORS 144.335(3) is illustrative, not exclusive). As the court observed in *Quintero*, ORS 144.335(3) "comprehend[s] all release date decisions." *Quintero*, 329 Or at 323. The question before us is whether the order in this case is a "decision relating to a release date or a parole consideration hearing date."

To answer that question, we look both at the statute under which the board acted and at the order itself. ORS 163.105(3) provides, in part, that, under circumstances such as the ones at issue here, the board "shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time. The *sole issue* shall be whether or not the prisoner is likely to be rehabilitated within a reasonable period of time." (Emphasis added.) If, at the hearing, the board finds that the prisoner "is capable of rehabilitation and that the terms of nis confinement should be changed to life imprisonment with the possibility of parole, or work release, it shall enter an order to that effect. Otherwise, the board shall deny the relief sought in the petition." ORS 163.105(4). The substance of the board order in this case stated, in its entirety:

> "Find inmate is not likely to be rehabilitated within a reasonable period of time.
>
> "Inmate may petition again for a change in the terms of confinement not less than two years from the date of this hearing."

ORS 163.105 does not authorize the board to do anything relating to a release date or a parole consideration date. It authorizes the board to make a finding concerning whether the prisoner is likely to be rehabilitated and, should the board find that the prisoner is likely to be rehabilitated, authorizes the board to change the prisoner's status such that the prisoner will, from that point forward, be eligible for parole consideration. In view of the above, we conclude that petitioner is correct. The order that petitioner seeks to challenge is reviewable under ORS 144.335.

■       We turn to the merits of petitioner's claim. He asserts that ORS 163.105 has no applicability to him, because he has completed the minimum term imposed by the court on his life sentence for aggravated murder. Evaluation of petitioner's argument requires careful consideration of the statutory text at issue. The applicable version of ORS 163.105 provides:

"Notwithstanding the provisions of ORS chapter 144, ORS 421.165 and 421.450 to 421.490:

"(1)   When a defendant is convicted of murder defined as aggravated murder pursuant to subsection (1) of ORS 163.095, the court shall order that the defendant shall be confined for a minimum of 30 years without possibility of parole, release on work release, temporary leave or employment at a forest or work camp.

"(2)   When a defendant is convicted of murder defined as aggravated murder pursuant to subsection (2) of ORS 163.095, the court shall order that the defendant shall be confined for a minimum of 20 years without possibility of parole, release on work release, temporary leave or employment at a forest or work camp.

"(3)   At any time after 20 years from the date of imposition of a minimum period of confinement pursuant to subsection (1) of this section, or at any time after 15 years from the date of imposition of a minimum period of confinement pursuant to subsection (2) of this section, the State Board of Parole, upon the petition of a prisoner so confined, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time. The sole issue shall be whether or not the prisoner is likely to be rehabilitated within a reasonable period of time. The proceeding shall be conducted in the manner prescribed for a contested case hearing under ORS 183.310 to 183.500 except that:

"(a)   The prisoner shall have the burden of proving by a preponderance of the evidence that he is likely to be rehabilitated within a reasonable period of time; and

"(b)   The prisoner shall have the right, if he is without sufficient funds to employ an attorney, to be represented by legal counsel, appointed by the board, at state expense.

"(4)   If, upon hearing all the evidence, the board finds that the prisoner is capable of rehabilitation and that the terms of his confinement should be changed to life imprisonment with the possibility of parole, or work release, it shall enter an order to that effect. Otherwise, the board shall deny the relief sought in the petition.

"(5)   Not less than two years after the denial of the relief sought in a petition under this section, the prisoner may petition again for a change in the terms of his confinement. Further petitions for a change may be filed at intervals of not less than two years thereafter."

Petitioner asserts that the rehabilitation hearing process described in the above quoted statute merely provides a mechanism for shortening the judicially imposed minimum sentences of 20 or 30 years and has no application to those convicted of aggravated murder who have completed their judicially imposed minimum sentences, such as himself. He maintains that, after a person serving a sentence for aggravated murder has completed the judicially imposed minimum sentence, that person becomes eligible for parole, work release, temporary leave, and employment at forest and work camps on the same terms as any other inmate, pursuant to ORS chapter 144.

It is not disputed that the provisions of ORS 163.105(3) and (4) provide a basis for the board to, in essence, shorten the judicially imposed minimum sentences of 20 or 30 years. *See Norris v. Board of Parole*, 331 Or 194, 207-08, 13 P3d 104 (2000), *cert den*, 534 US 1028 (2001) (after serving 15 years, on date that petitioner had been found to be capable of rehabilitation pursuant to ORS 163.105(3), he was deemed to have completed the judicially imposed minimum portion of his sentence). The question presented here is whether ORS 163.105 applies only in the limited time frame after an inmate may apply for a hearing pursuant to ORS 163.105(3)—*i.e.*, 15 or 20 years, depending on the type of aggravated murder at issue—and before the inmate has served the judicially imposed minimum sentence of 20 or 30 years, again depending on the type of aggravated murder at issue. Petitioner asserts that the statute applies only to that short window of time. For the following reasons, we find

petitioner's proposed construction of the statute to be implausible.

For the sake of simplicity, we focus on the portion of the statute pertaining to 20-year judicially imposed minimum sentences for aggravated murder such as the sentence that petitioner is serving.[3] As noted above, ORS 163.105(3) provides that, "at *any time* after 15 years from the date of imposition" of such a 20-year judicially imposed minimum sentence, a prisoner may seek a hearing on the sole question of whether he or she "is likely to be rehabilitated within a reasonable period of time." (Emphasis added.) In order to accept petitioner's argument, we would have to construe the phrase "any time" to mean "after serving 15 years but before serving 20 years." Such a construction is at odds with the plain meaning of the word "any." *See generally Webster's Third New Int'l Dictionary* 97 (unabridged ed 1993) (including as definitions "unlimited in amount, quantity, number, time, or extent" and "up to whatever measure may be needed or desired"). We conclude that it is highly unlikely that the legislature would have used the term "any time" to describe a five-year time frame, as petitioner posits.

The statute contains further evidence that the legislature was not contemplating such a limited time frame for hearings on whether a prisoner is likely to be rehabilitated within a reasonable period of time. Subsection (5) of the statute provides that, if the board initially denies the inmate's petition, the inmate may continue to petition for the same relief, "at intervals of not less than two years." ORS 163.105(5). That provision, like the "any time" provision in subsection (3), appears to contemplate an open-ended time span that commences after the service of 15 years of a 20-year sentence, and continues until the board finds that the inmate "is likely to be rehabilitated within a reasonable period of time."

We note that ORS 163.105 applies, without restriction, to all persons convicted of aggravated murder under ORS 163.095(1) and (2), and does so "[n]otwithstanding the

---

[3] We note that the statute is written in the same manner with regard to 30-year judicially imposed minimum sentences. ORS 163.105(1), (3).

provisions of ORS chapter 144." That "notwithstanding" phrase undermines petitioner's argument that he should be subject to the parole statutes contained in ORS chapter 144 despite his conviction for aggravated murder under ORS 163.095(2). As noted above, ORS 163.105(4) indicates that, *if* the board finds that an inmate is capable of rehabilitation, *then* the board should change the terms of confinement "to life imprisonment with the possibility of parole, or work release." Nothing in ORS 163.105 gives the board authority to alter the terms of confinement to permit the possibility of parole or work release for an aggravated murder in the absence of the finding required by ORS 163.105(4).

Our construction of the statute comports with the case law interpreting it, as well. *See PGE*, 317 Or at 611 (context includes case law interpreting statute). In *Severy v. Board of Parole*, 318 Or 172, 864 P2d 368 (1993), the court rejected an argument that an inmate serving aggravated murder sentences was entitled to have the board "unsum" the consecutive sentences pursuant to a provision of ORS chapter 144. The court stated:

> "[T]he Board must hold a hearing to determine whether the prisoner is likely to be rehabilitated within a reasonable time. ORS 163.105(2). Only if the Board finds that the prisoner is capable of rehabilitation may the Board change the terms of the prisoner's confinement to life imprisonment with the possibility of parole or work release. ORS 163.105(4). *Those provisions are a complete legislative policy*. ORS 144.785(2) plays no role."

318 Or at 179 (emphasis added).

Finally, even if the text of ORS 163.105 did not provide the answer, we would conclude that ORS 144.110 (1977) demonstrates, definitively, that petitioner's proposed construction of the statutes is incorrect. *See PGE*, 317 Or at 611 (context includes related statutes). As noted above, petitioner contends not merely that ORS 163.105 does not apply to him because he has completed his judicially imposed minimum sentence, but that he is eligible for parole pursuant to ORS chapter 144. ORS 144.110(2)(b) (1977) provides:

> "The board *shall not* release a prisoner on parole who has been convicted of murder defined as aggravated murder

under the provisions of ORS 163.095, except as provided in ORS 163.105."

(Emphasis added.) In short, even if we were to accept petitioner's *premise* that ORS 163.105 contemplates hearings on rehabilitation only between the fifteenth and twentieth years of an aggravated murder sentence, his *conclusion* that he would be eligible for parole pursuant to ORS chapter 144 after serving 20 years of the sentence does not follow from that premise, given that ORS 144.110(2)(b) (1977) prohibits the board from paroling him except as provided in ORS 163.105.

Affirmed.