Argued and submitted September 17, 2003, petition for judicial review dismissed January 12, petition for review allowed May 24, 2005 (338 Or 583)

CONRAD ENGWEILER,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

A108469

103 P3d 1201

Andy Simrin argued the cause and filed petitioner's supplemental brief. Conrad Engweiler, *pro se*, filed petitioner's amended opening brief.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

## LINDER, J.

Petitioner is in prison serving a life sentence for an aggravated murder that he committed in 1990. Because he was under 17 years old when he committed the crime, he was not subject either to a sentence of "true life"—*i.e.*, life imprisonment without eligibility for parole—or to a mandatory minimum sentence.[1] Petitioner's life sentence, therefore, permits him to be paroled at any time, pursuant to the authority of the Board of Parole and Post-Prison Supervision (board). In 1999, the board held what is called a "prison term hearing" for petitioner and established for him a "prison term" of 480 months and a "review date" of February 22, 2030. Petitioner seeks judicial review of that order, challenging, on various grounds, his 480-month prison term.

After petitioner filed the petition for judicial review, the board moved to dismiss it, arguing that the challenged order is not subject to judicial review. By written opinion, we rejected the board's position and denied the motion to dismiss. *Engweiler v. Board of Parole*, 170 Or App 653, 13 P3d 1009 (2000). Our review proceeded, with both sides briefing and arguing the merits, after which we took the case under advisement.

On further examination of the board's order on review, in combination with the board rules that specifically apply to parole decisions for inmates convicted of aggravated murder, we have determined that our initial disposition of the board's motion to dismiss was erroneous. Therefore, on our own motion, we reconsider our prior decision. As we explain below, we now grant the board's motion to dismiss and modify our prior decision accordingly.

ORS 144.335 (1999) governs our judicial review of the board order in this case.[2] Subsection (1) provides for judicial review of final orders of the board that relate to the granting, revoking, or discharge of parole:

---

[1] *State v. Engweiler*, 118 Or App 132, 136, 846 P2d 1163, *rev den*, 317 Or 486 (1993) (so holding under ORS 161.620 (1989), *amended by* Or Laws 1989, ch 790, § 3).

[2] The statute was amended in 2001 to broaden the range of board orders subject to review. Or Laws 2001, ch 661, § 1. The amendments, however, were expressly made applicable only to board orders mailed on or after January 1, 2002. The board order in this case was mailed on November 15, 1999.

"When a person over whom the [board] exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, the revoking of post-prison supervision or the imposition of conditions of parole or of post-prison supervision and after exhaustion of administrative review as provided by board rule, such person is entitled to judicial review of the final order."

Under subsection (3) of the statute, however, board orders relating to parole release dates or parole consideration dates are not reviewable, despite their finality and notwithstanding subsection (1), with one exception. Specifically, subsection (3) declares, in part:

"Notwithstanding subsection (1) of this section, the board's order is final and is *not* subject to judicial review when the board makes *any decision relating to a release date or a parole consideration hearing date*, including:

"(a)   Setting an initial release date under ORS 144.120, *except that the setting of an initial release date under ORS 144.120 remains subject to judicial review if* the prisoner contests the crime severity rating, the history risk score or aggravation factors found by the board under the rules of the board."

(Emphasis added.) The net effect of those provisions is that, although board orders relating to the granting of parole are generally judicially reviewable, the legislature has excepted specific board orders from that group. In particular, board orders relating to a "release date" or a "parole consideration hearing date" are not judicially reviewable unless the board order actually *sets an initial release date* under ORS 144.120.

In its motion to dismiss in this case, the board asserted that its order does not set an initial release date for petitioner.[3] In our original decision denying the board's motion, we concluded to the contrary, based on the fact that the order establishes petitioner's "prison term." We relied in part on the board's rules, which define a "prison term" as

---

[3] ORS 144.335(3)(a) also requires, as a prerequisite to judicial review, that the board order be contested on specified grounds. In its motion to dismiss, the board also questioned whether petitioner's challenges satisfied that requirement. We concluded that it did. *Engweiler*, 170 Or App at 658-59. That portion of our prior opinion is no longer necessary to our decision.

"[t]he Board established time the inmate must serve before the initial parole release date, in accordance with applicable laws and the Board's Administrative Rules." OAR 255-005-0005(41); *Engweiler*, 170 Or App at 657. We also relied on the board's statement, in its response to petitioner's request for administrative review, that its applicable rules were developed to "guarantee parole eligibility at a specified date appropriate to [his] case." *Id.* at 658 (emphasis omitted). We concluded that, by establishing a "prison term" for petitioner, the board had set "an initial release date" within the meaning of ORS 144.335(3) (1999) and that its order therefore is judicially reviewable.[4] *Id.* We now conclude, however, that our decision was in error.

At the outset, it is helpful to distinguish between a "prison term" and an "initial parole release date," both of which are provided for and defined by board rule. An initial parole release date, as pertinent here, is the "date, by month, day and year, assigned to a prisoner for parole release based on the prisoner's matrix range[.]" OAR 255-005-0005(23). Matrix ranges are "[r]anges of months within which the Board has the discretion to set a prison term" and are based on crime severity ratings and criminal history and risk scores. *See* OAR 255-005-0005(29) (defining "matrix range"); OAR 255-005-0005(30) (defining "matrix"). "Prison term," finally, is defined as the "Board established time the inmate must serve before the initial parole release date." OAR 255-005-0005(41). As those general definitions suggest, ordinarily there is at least an initial correlation between an inmate's "prison term" and his or her "initial parole release date," because both are determined by reference to the inmate's particular matrix score. Despite that correlation, the "prison term" and the "initial parole release date" are not one and the same. They are, instead, determined by distinct and different decisions to be made by the board.

Under the board's rules, for most inmates subject to the board's parole authority, a "prison term hearing" results

---

[4] We further concluded that the nature of the challenge that petitioner was raising effectively qualified as a challenge to "the crime severity rating, the history risk score, or aggravation factors" as the statute further requires. *Engweiler*, 170 Or App at 658.

in a final order that establishes, among other things, *both* a "prison term" and a "parole release date." OAR 255-030-0055(2). But that is not true for inmates convicted of aggravated murder who are eligible for parole. A separate group of rules governs parole proceedings for that class of inmates. *See generally* OAR 255-032-0005 - 255-032-0025. Those rules cross-reference some of the general procedures for prison term hearings for other inmates, including OAR 255-030-0055(2), which requires the board to establish a prison term and a parole release date at a prison term hearing. OAR 255-032-0011(1). But those rules also specify differences in the prison term hearing procedures, including differences in the substance of the order that the board issues at the conclusion of the hearing. Of significance here, the rules state expressly that, in a prison term hearing for an inmate convicted of aggravated murder, the board will set a review date "rather than a parole release date." OAR 255-032-0005(1) and (4).[5] Alternatively, the board may deny parole. OAR 255-032-0011(2).

If the board chooses to set a review date, that date triggers future proceedings to examine the inmate's fitness for parole. In particular, the board's rules provide that, five years before the review date, the board shall conduct a "progress review" to determine the "inmate's institutional conduct and rehabilitation efforts since the prison term hearing." OAR 255-032-0011(6). Before the scheduled review

---

[5] As we noted in our original opinion denying the motion to dismiss, the board purported to hold the prison term hearing and issue its order under the procedural provisions of ORS 144.120. *See Engweiler*, 170 Or App at 658; *see also* Or Laws 1989, ch 790, § 28 (declaring that ORS 144.120, among other statutes relating to parole release, applies to "offenders convicted of aggravated murder regardless of the date of the crime"). Under ORS 144.120(4), the board need not set a parole release date for an inmate whose offense involved particularly violent or otherwise dangerous criminal conduct. Consistently with that provision, the board has categorically determined that inmates convicted of aggravated murder, and some inmates convicted of murder, will receive a future "review date" rather than a "parole release date" in their prison term hearings. For most inmates convicted of aggravated murder, the "review date" is based on their mandatory minimum sentence. *See* OAR 255-032-0005; OAR 255-032-0010. For inmates such as petitioner—*i.e.*, inmates who were under age 17 when they committed their offenses and who therefore are not subject to a mandatory minimum sentence—the "review date" is based on the inmate's matrix score. *See* OAR 255-032-0005; OAR 255-032-0011. In either circumstance, the rules expressly state that the board will set a "review date" for inmates convicted of aggravated murder "rather than establish a release date." OAR 255-032-0005(1), (4).

date, the board holds a review hearing. At that hearing, the board considers an extensive range of information bearing on the inmate's rehabilitation efforts, conduct, mental and emotional state, parole plan, and general suitability for parole. OAR 255-032-0011(8). After that review date, the board may set a parole release date for the inmate or the board may schedule a further review date. *See* OAR 255-032-0011(7) (the board "may determine a parole release date or future review dates any time *after* the established review date" (emphasis added)). In other words, pursuant to the applicable board rules, a "review date" is just that—a date on which the board is to *review* an inmate's progress for purposes of further decisions relating to the inmate's possible eventual parole. A review date is not a parole release date, initial or otherwise.

The order that the board entered in petitioner's case is consistent with those rules. The board determined that petitioner's individual crime and circumstances place him within a matrix range of 400 to 480 months. As required by OAR 255-032-0011(3), the board selected a prison term for petitioner within that range—*i.e.*, 480 months. The board further established a review date (termed in the order a "murder review date") rather than a parole release date for petitioner. The board set the review date for February 22, 2030. Finally, the board declared that it will conduct a progress review five years before that date, pursuant to OAR 255-032-0011(6).

In our original decision denying the board's motion to dismiss, we took a wrong turn by focusing on the board's establishment of a "prison term" in petitioner's case without determining the significance of that "prison term" in the context of the board's order as a whole and the board's specific procedures for parole decisions in aggravated murder cases. For inmates not convicted of aggravated murder, the setting of the prison term and initial parole release date, although they represent distinct decisions, typically go hand in hand. That is not true, however, for inmates convicted of aggravated murder. For that class of inmates, the board's rules preclude the board from setting a parole release date at the

prison term hearing. As a result, the board's actions in setting a prison term and a review date establish a date for *further parole review*; but those decisions do not establish a date on which the inmate is scheduled *to be released on parole.*[6]

Under ORS 144.335 (1999), a board order with that effect is not judicially reviewable. As discussed above, the statute expressly permits judicial review of a board order "[s]etting an initial release date" and forecloses judicial review of board orders that otherwise relate to "a release date" or a "parole consideration date." ORS 144.335(3)(a) (1999). The board's order in this case, consistently with the express provisions of the board's rules, set a review date *rather than* a parole release date. The review date relates in a general way to a parole release date for petitioner or to a parole consideration hearing in that it marks a point in time when petitioner will receive further parole consideration via a hearing, after which his parole release date may be established or he may be scheduled for yet further review. Under the express limitations of ORS 144.335(3) (1999), the order therefore is not subject to judicial review. *See Quintero v. Board of Parole*, 329 Or 319, 986 P2d 575 (1999) (list of enumerated orders in ORS 144.335(3) is illustrative; *any* decision relating to a release date or a parole consideration hearing date, other than one *setting* a release date, is not judicially reviewable).

---

[6] The rules, in that regard, are unambiguous. If we had doubt about their import, however, we owe it to the board, as the promulgating body, to carefully consider its interpretation of them. *See Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994) (deferring to agency's plausible interpretation of its own rules). In our prior opinion, we misunderstood the board's own interpretation of its rules. In particular, in its order in this case, the board explained that it had developed a separate division of rules for aggravated murder cases and had added provisions to those rules so that they cover offenders who, like petitioner, were under the age of 17 when they committed their crimes. The board described the rules and the matrix it had adopted for that class of offenders as designed to "guarantee parole eligibility at a specified date appropriate to the case." (Emphasis omitted.) We initially understood that to be the board's explanation of how it was applying its rules to petitioner *in this order. See Engweiler*, 170 Or App at 658. In fact, however, that was the board's explanation of the overall design of its rules. As we now understand the board's rules, they provide a process by which, at a future time, the board may set a specified date on which an offender convicted of aggravated murder will be eligible for parole. But setting that date is not the first step in the board's process. Rather, the first step is to establish a review date, *after* which, depending on the offender's progress, a parole release date may be set. That first step is the only one the board has taken via its order in this case.

For those reasons, on our own motion, we reconsider our prior decision denying the board's motion to dismiss, grant the motion, and modify our prior decision accordingly.

Petition for judicial review dismissed.