Submitted October 29, conviction on Count 1 reversed and remanded, otherwise affirmed December 9, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VICTOR HUGO GONZALEZ,
*Defendant-Appellant.*

Deschutes County Circuit Court
MI132818; A156385

363 P3d 1291

Peter Gartlan, Chief Defender, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of misdemeanor driving under the influence of intoxicants (DUII) (Count 1), ORS 813.010(4), and refusal to take a test for intoxicants (Count 2), ORS 813.095. On appeal, he challenges only his DUII conviction, contending that the trial court erred in excluding testimony from defendant's wife that Wyman, a friend of defendant's, told her on the night that defendant was arrested that "it was [Wyman's] intent to drive the Tundra and not let [defendant] drive the car that night." Defendant argues that the evidence is admissible under OEC 803(3), the "state of mind" exception to the rule against admitting hearsay. The state concedes that the trial court erred in excluding the evidence.

We agree and accept the state's concession. OEC 803 provides, in part:

> "The following are not excluded by [OEC 802, the general rule against hearsay], even though the declarant is available as a witness:
>
> "* * * * *
>
> "(3)  A statement of the declarant's then existing state of mind, emotion, sensation or physical condition, such as intent, plan, motive, design, mental feeling, pain or bodily health[.]"

Under that exception, a statement of a declarant's then-existing intention or plan is admissible to prove that the declarant subsequently acted on that intention. *See State v. Johnson*, 340 Or 319, 344-45, 131 P3d 173, *cert den*, 549 US 1079 (2006). And, it is not made "automatically inadmissible because the jury might use it as a basis for inferring the intentions and future actions of some person in addition to the declarant." *Id.* at 345; *see State v. Engweiler*, 118 Or App 132, 136, 846 P2d 1163, *rev den*, 317 Or 486 (1993) (under OEC 803(3), declarant's statements of future intent "not rendered inadmissible merely because they also tend to suggest something about defendant's conduct"). Accordingly, Wyman's statement to defendant's wife that Wyman intended to drive defendant's Tundra that night was admissible to show that Wyman acted in accordance with that intention,

even though it also suggested something about defendant's conduct—*viz.*, that he did not drive the Tundra. The trial court erred in excluding the testimony.

Moreover, the error was not harmless. *See* OEC 103(1) ("Evidential error is not presumed to be prejudicial."); *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (in reviewing for harmless error in this context, the question is whether "there was little likelihood that the erroneous exclusion of the witness statements affected the jury's verdict"). Defendant's theory of defense was that, although he was intoxicated, he had not driven while intoxicated. When the officer saw defendant in the driver's seat of the Tundra, it was parked on the side of the road. No witness testified that they saw defendant driving. Thus, the excluded evidence—which would have supported an inference that Wyman drove defendant—went "directly to the heart of defendant's factual theory of the case." *Id.* at 34. In those circumstances, the exclusion of the evidence was not harmless. The state does not argue otherwise.

Conviction on Count 1 reversed and remanded; otherwise affirmed.